ANSELMO MARTÍNEZ REYES, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. VICENTE LÓPEZ PÉREZ, JUEZ, demandado.

*Número:* O-72-79 *Resuelto:* 20 de noviembre de 1975

*Cándida R. Urrutia de Basora,* abogada del peticionario; *Gilberto Gierbolini, Procurador General* y *Candita R. Orlandi, Procuradora General Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El peticionario hizo alegación de culpabilidad en dos cargos de posesión, transportación y ocultación de la droga heroína y solicitó el beneficio de la libertad a prueba que provee el Art. 404 (b) de la Ley de Sustancias Controladas. Su petición fue denegada por haber sido anteriormente convicto bajo la antigua ley de drogas. Recurre sobre la premisa esencial de que la convicción bajo la ley anterior no lo descualifica para recibir los beneficios de la nueva Ley.

El Art. 404 (b) de la Ley de Sustancias Controladas que es la Núm. 4 aprobada el 23 de junio de 1971 (24 L.P.R.A. sec. 2404 (b) ) dispone:

"(b) (1) Si cualquier persona, que no haya sido previamente convicta de violar el inciso (a) de esta sección, o de cualquier otra disposición de este Capítulo, o de cualquier ley de los Estados Unidos, relacionada con drogas narcóticas, marihuana, o sustancias estimulantes o deprimentes, es hallada culpable de violar el inciso (a) de esta sección, bien sean [*sic*] después de la celebración del juicio, o de hacer una alegación de culpabilidad, el tribunal podrá, sin hacer pronunciamiento de culpabilidad, y con el consentimiento de tal persona, suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir, y por el término que estime a bien prescribir, el cual no excederá de cinco años."

La transcrita es una disposición de naturaleza remedial con un propósito esencialmente rehabilitador. Reconoce la realidad científica de que el adicto no se cura con reclusión en presidio sino con tratamiento.

Se desvía del propósito legislativo la interpretación que a este Art. 404 (b) le da la sala de instancia incorporándole restricciones agravantes tomadas de los Arts. 401, 402 y 403 (24 L.P.R.A. secs. 2401, 2402 y 2403), resultando que el concepto "convicciones previas" usado por el legislador en estos últimos artículos que sancionan al reincidente incorregible en las prácticas de *fabricación* y *distribución* de drogas, tiene la misma connotación que el concepto "que no haya sido previamente convicta" de dicho Art. 404 (b). No estamos de acuerdo. Los artículos que sancionan la reincidencia en los delitos graves de fabricación, distribución y venta con altas penas de reclusión tienen el propósito de aislar y separar de la sociedad a individuos peligrosos militantes en el tráfico de drogas. El Art. 404 por otro lado tiende a reglamentar la conducta de adictos susceptibles de ser rehabilitados fuera de la cárcel. A éstos sólo se les condiciona su libertad; a aquéllos se

les suprime la suya. No creemos que un estatuto de libertad a prueba y de rehabilitación pueda sujetarse a las mismas normas de *interpretación* de un estatuto para reprimir el delito grave subsiguiente. El juez sentenciador sigue el descartado método analítico, repudiado por este Tribunal al expresar: "Nada induce más a error en la interpretación de las leyes que tratar de aplicarlas como si de fórmulas matemáticas se tratase. El derecho no es una ciencia exacta como las matemáticas. Es una ciencia social y por consiguiente al interpretar preceptos legales es preciso determinar previamente cuál fue el propósito perseguido por el legislador al aprobar la ley en cuestión." *Méndez & Cía.* v. *Corte* (De Jesús, J.) 57 D.P.R. 845, 848 (1941). "Descartar las implicaciones naturales de un estatuto y aprisionar nuestra lectura de él en la concha de las meras palabras es cometer el pecado cardinal en la interpretación estatutaria: ciega literalidad." Frankfurter, J., en *Pope* v. *Atlantic Coast Line Rr. Co.,* 345 U.S. 379, 392.

 Si el propósito del legislador al aprobar la Ley de Sustancias Controladas de 23 de junio de 1971 fue inaugurar un nuevo método de abordar el problema de la simple adicción, sustituyendo el presidio por la libertad a prueba, ¿cómo desvirtuar esa intención declarada separando los adictos en dos grupos; excluyendo de sus beneficios a convictos bajo una legislación anterior cuya filosofía y aproche al problema de la adicción era radicalmente distinta al de la nueva ley? No concebimos una proposición más eficaz para frustrar la intención legislativa. Las excepciones a la filosofía general de una ley deben ser interpretadas estrictamente; esto es, deben serlo de manera que no destruyan los remedios que se intentó proveer en el estatuto. *Spokane & I.E.R. Co.* v. *United States,* 241 U.S. 344. El curso correcto es adoptar aquel significado de las palabras que mejor armoniza con el contexto, y que propicia con la mayor plenitud la política y objetivos de la Legislatura. No se viola la regla de construcción estricta dándole al len-

guaje del estatuto su significado pleno, la más amplia de dos acepciones, como prefiriendo la noción o sentido popular al angosto tecnicismo. *United States* v. *Hartwell*, 6 Wall 385; 18 L.Ed. 830. La ambigüedad respecto al ámbito de los estatutos penales debe resolverse en favor de la lenidad; toda duda dimanante de ambigüedad debe resolverse en favor del acusado. *Rewis* v. *United States*, 401 U.S. 808; 28 L.Ed.2d 493; *United States* v. *Bass*, 404 U.S. 336; 30 L.Ed.2d 488. Las leyes remediales deben interpretarse con liberalidad y amplitud para lograr sus propósitos. *Peyton* v. *Rowe*, 391 U.S. 54, 65 (1968); 20 L.Ed.2d 426.

La adicción es un hábito que aflige con igual martirio tanto a los infortunados que fueron acusados y convictos bajo la anterior Ley de Narcóticos, como a los que evadieron la vigilancia policiaca o el proceso judicial resultando absueltos. Conduce por tanto al absurdo tratar un adicto que tiene un rótulo de convicción en forma distinta a otro que ha escapado al carimbo, brindando tratamiento y libertad a unos y el presidio a otros.

■ A la luz de estos principios la exclusión de los beneficios de la libertad a prueba bajo el Art. 404(b) citado, está limitada a aquellos convictos que lo fueren por infringir la nueva legislación local o continental; y dicha exclusión opera en forma prospectiva, y no retroactiva.[1] Queda a salvo, naturalmente, la discreción judicial para otorgar o no el privilegio de una suspensión de sentencia según los méritos de

---

[1] Los propósitos del Art. 404(b) se enfilan hacia el futuro y dejan atrás el pasado según se refleja en la disposición transitoria del Art. 608 de la citada Ley de Sustancias Controladas, que citamos:

"Las disposiciones del inciso (b) del Artículo 404 de esta ley [sec. 2404(b) de este título] y las penalidades prescritas en el inciso (a) de dicho Artículo 404, serán aplicables y beneficiarán a toda persona que, a partir de la fecha de vigencia de dicho artículo sea convicta de ilegalmente poseer cualquier sustancia controlada para consumo propio, aun cuando la acusación, en su caso, hubiere sido radicada al amparo de legislación anterior."

cada caso. El expediente volverá a instancia que decidirá si extiende al apelante la libertad a prueba.

*Revocada.*

El Juez Asociado Señor Martín concurre en opinión separada.

—O—

Opinión concurrente emitida por el Juez Asociado, Señor Martín.

San Juan, Puerto Rico, a 20 de noviembre de 1975

El fiscal radicó acusación contra el aquí peticionario Anselmo Martínez Reyes imputándole dos cargos de posesión, transportación y ocultación de la droga narcótica conocida como heroína. Llamado el caso para vista el peticionario hizo alegación de culpabilidad en ambos cargos y solicitó que se le permitiera acogerse a los beneficios de libertad a prueba que provee el Art. 404(b) de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404(b). A tales efectos el peticionario presentó prueba consistente en su propio testimonio con el propósito de demostrar su condición de adicto. El tribunal accedió a la solicitud de libertad a prueba del peticionario y en su consecuencia, sin dictar sentencia, en 24 de noviembre de 1971 lo sometió a libertad a prueba bajo los términos y condiciones que impuso en su resolución al efecto. Entre dichas condiciones se le impuso que ingresara en la institución para adictos a drogas que designare el Oficial Probatorio y que permaneciera en la misma por el término de dos años. El Oficial Probatorio le asignó al programa de los Hogares CREA. La resolución del tribunal de instancia le prohibía ausentarse de su jurisdicción territorial sin el permiso del Oficial Probatorio, ni ausentarse del Estado Libre Asociado sin el permiso del tribunal. Le imponía, además, otras limitaciones usuales de movimiento y acción. El tribunal ordenó además al Oficial Probatorio que rindiera un informe sobre el

historial del acusado en o antes del día 24 de diciembre de 1971. Rendido el informe del Oficial Probatorio, y celebrada la vista para la discusión del mismo, el fiscal ofreció por primera vez en evidencia una copia certificada de una sentencia previa dictada contra el peticionario por tres infracciones a la anterior Ley de Drogas. Discutido por ambas partes el informe del Oficial Probatorio el tribunal, teniendo en cuenta las condenas previas, dejó sin efecto su resolución de libertad a prueba y procedió a dictar sentencia condenando al peticionario a cumplir una pena de 1 a 3 años en cada cargo para cumplirse ambas concurrentemente. De la determinación del tribunal de instancia acude ante nos el peticionario por vía de *certiorari*.

Al expedirse el auto en el presente caso y mientras se resolvía en sus méritos el mismo expedimos, a solicitud del peticionario, una orden provisional autorizando su traslado a los Hogares CREA para que el peticionario continuara su proceso de rehabilitación bajo los términos de la resolución original del tribunal de instancia.

En el recurso ante nos el peticionario señala que el tribunal sentenciador erró al concluir que estaba impedido de concederle los beneficios sobre libertad a prueba que dispone el Art. 404(b) de la Ley de Sustancias Controladas debido a la previa convicción del peticionario bajo la anterior Ley de Drogas. Arguye que por el contrario, el juez de instancia estaba facultado para concederle la libertad a prueba bajo las disposiciones del Art. 404(b) que se transcribe más adelante, por haber tenido lugar la previa convicción bajo la anterior Ley de Drogas. Alega además éste que conforme al mencionado Art. 404 un acusado que no ha sido convicto bajo la actual Ley de Sustancias Controladas o bajo cualquier ley de los Estados Unidos relacionada con drogas narcóticas *con posterioridad* a la aprobación de la Ley de Sustancias Controladas, es elegible a la libertad a prueba que autoriza el Art.

404 (b) aun *cuando hubiese sido convicto bajo alguna ley anterior* relacionada con narcóticos.

El referido Art. 404 dispone en lo pertinente lo siguiente:

"(a) Será ilegal el que cualquier persona, a sabiendas o intencionalmente, posea alguna sustancia controlada, a menos que tal sustancia haya sido obtenida directamente o de conformidad con la receta u orden de un profesional actuando dentro del marco de su práctica profesional, o excepto como se autorice en este Capítulo.

"Toda persona que viole este inciso incurrirá en delito grave y convicta que fuere será castigada con la pena mínima de 1 año y máxima de 5 años de prisión y además podrá ser multada en una cantidad que no excederá de $5,000. Si la persona comete tal delito después de una o más convicciones previas, que sean firmes, bajo este inciso, incurrirá en delito grave y convicta que fuere será sentenciada a la pena mínima de 2 años y máxima de 10 años de prisión y además podrá ser multada en una cantidad que no excederá de $10,000.

"(b) (1) Si cualquier persona, que no haya sido previamente convicta de violar el inciso (a) de esta sección, o de cualquier otra disposición de este Capítulo, o de cualquier ley de los Estados Unidos,[1] relacionada con drogas narcóticas, marihuana, o sustancias estimulantes o deprimentes, es hallada culpable de violar el inciso (a) de esta sección, bien sean [*sic*] después de la celebración del juicio, o de hacer una alegación de culpabilidad, el tribunal podrá, sin hacer pronunciamiento de culpabilidad, y con el consentimiento de tal persona, suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir, y por el término que estime a bien prescribir, el cual no excederá de cinco años.

. . . . . . . ."

La posición del peticionario descansa esencialmente sobre dos argumentos. El primero: que uno de los propósitos funda-

_____

(1) El término Estados Unidos según se define en nuestra Ley de Sustancias Controladas incluye los estados de la Unión Norteamericana, sus territorios, el Distrito de Columbia y el Estado Libre Asociado de Puerto Rico. Véase, 24 L.P.R.A. sec. 2102 (27).

mentales de la nueva legislación de sustancias controladas, tanto en su ámbito federal como estatal, es la rehabilitación del adicto. El segundo: que al aprobar la nueva Ley de Sustancias Controladas el legislador quiso romper con toda legislación anterior sobre drogas. En ese sentido dice que el legislador adoptó la máxima de "borrón y cuenta nueva".

La filosofía y el propósito rehabilitador que encarna la nueva legislación sobre sustancias controladas, tanto a nivel local como a nivel federal y estatal, no puede ser cuestionado. Ello surge claramente del historial legislativo de la ley federal de sustancias controladas, *Comprehensive Drug Abuse Prevention and Control Act of 1970*, 21 U.S.C.A. sec. 801 *et seq.*, así como del de nuestra ley. Véanse, *U.S. Code Cong. & Ad. News,* 91st Congress, Second Session, 1970—*Controlled Substance Act, Legislative History,* págs. 4566, 4567, 4568, 4575; Comisión de Salud y Bienestar y de lo Judicial de la Cámara de Representantes de P.R., *Informe a la Cámara de Representantes en torno al P. de la C. 1323,* 17 de mayo de 1971, pág. 13 *et seq.;* Comisión de Salud y Bienestar y de lo Judicial del Senado de P.R., *Informe al Senado en torno al P. de la C. 1323,* 7 de junio de 1971, pág. 14 *et seq.;* Alfonso de Cumpiano, *Una Nueva Ley de Drogas: La Ley de Sustancias Controladas,* 32 Rev. C. Abo. P.R. 511 (1971). A nivel estatal véanse: *Handbook of the National Conference of Commissioners on Uniform State Laws,* 1970, *Uniform Controlled Substance Act,* pág. 223 *et seq.; The Uniform Alabama Controlled Substances Act: An appraisal,* 24 Ala. L. Rev. 491 (1972); *The Uniform Controlled Substances Act of 1971: An Adequate Answer to Mississippi's Drug Abuse Problem?,* XLIII Miss. L.J. 482 (1972).

A tono con tal espíritu rehabilitador, el Art. 404(b) de nuestra Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404 (b), así como el que anima a la ley federal, 21 U.S.C.A. sec. 844, provee la posibilidad de concederle libertad a prueba

416

a aquellas personas que no hayan sido previamente convictas por posesión de una sustancia controlada bajo el Art. 404 (a) o bajo cualquier ley de los Estados Unidos (que incluye al Estado Libre Asociado) relacionada con drogas narcóticas, marihuana, o sustancias deprimentes o estimulantes.

Debemos resolver si la referencia a "convicciones previas" contenida en el Art. 404 (b) de la Ley de Sustancias Controladas como factor excluyente de la concesión de libertad a prueba, puede interpretarse con absoluta independencia de la misma frase insertada por el legislador en los Arts. 401, ([2]) 402, ([3]) 403, ([4]) (24 L.P.R.A. secs. 2401, 2402 y 2403) de la misma ley en relación con la pena a imponerse a reincidentes por otros delitos que dicha ley trata con mayor rigor que a aquellos que son meros poseedores de alguna sustancia controlada. En dichos otros artículos se imponen penalidades mucho más rigurosas al violador de las mismas si la violación se comete después de una o más convicciones previas bajo dichos artículos o bajo cualquier ley de los Estados Unidos (incluyendo el Estado Libre Asociado de Puerto Rico) relacionadas con drogas narcóticas, marihuana, sustancias deprimentes o estimulantes.

Pasemos a analizar el trato especial que ofrece la Ley de Sustancias Controladas al poseedor a diferencia del trato más riguroso que recibía éste de la anterior Ley de Narcóticos de Puerto Rico. 24 L.P.R.A. secs. 951 et seq.

---

([2]) Prohíbe la fabricación, distribución, dispensación, transportación u ocultación, o posesión con la intención de fabricar, distribuir, dispensar, transportar u ocultar; producción, distribución o dispensación, transportación u ocultación o posesión con la intención de distribuir o dispensar, transportar u ocultar una sustancia controlada.

([3]) Prohíbe la distribución o dispensación, y la fabricación de una sustancia controlada en violación a la ley.

([4]) Prohíbe ciertos actos realizados por personas registradas por el Secretario de Salud para fabricar, distribuir o dispensar sustancias controladas.

Originalmente la Ley de Sustancias Controladas estatuyó el delito de posesión para consumo propio, ([5]) que luego sustituyó por el delito de *posesión*, por lo que quedó eliminada la modalidad de consumo propio. Ley Núm. 64 de 31 de mayo de 1972, sec. 1, 24 L.P.R.A. sec. 2404 (a). Aunque no existe historial legislativo que justifique el cambio es lógico inferir que la razón fundamental obedeció a la dificultad de determinar en la mayor parte de los casos el consumo propio como finalidad. La nueva ley, según quedó modificada, ofrece la oportunidad de que el juez de instancia suspenda el procedimiento criminal y someta al acusado a libertad a prueba, aun después de celebrado el juicio. Transcurrido el período de libertad a prueba sin que hubiere habido violación de ninguna de sus condiciones podrá el juez exonerar al acusado y sobreseer el caso, sec. 2404 (b) (1), por lo que el período de libertad a prueba no se consideraría como una convicción, de suerte que en caso de una convicción subsiguiente no le podrían aplicar las penas más altas prescritas a reincidentes. *Id.* Por ello la exoneración y sobreseimiento no puede concederse en más de una ocasión. *Id.* En adición a los beneficios ya señalados, la nueva ley dispone penas más benignas que la ley anterior a los *poseedores* reincidentes.

El legislador quiso que el poseedor que hubiese delinquido bajo la ley anterior, pero cuya acusación estuviese aún pendiente de trámite bajo la nueva ley, debía recibir los beneficios de ésta. Animado por ese deseo dispuso originalmente, al aprobarse la Ley de Sustancias Controladas, que las acusaciones pendientes por cualquier violación a las leyes o partes de leyes que ésta derogaba seguirían tramitándose bajo la ley que regía al momento de haberse cometido la violación. Expresó

([5]) A esos efectos el Informe a la Cámara de Representantes en torno al P. de la C. 1323, 17 de mayo de 1971, dice:

"A tono con el concepto prevaleciente de que el drogadicto es un enfermo, la medida provee para la exoneración condicional por el primer delito de posesión de una sustancia controlada para consumo propio, bajo determinadas circunstancias."

además que si la violación por la cual se había acusado era similar a las que se incluían en la nueva ley, se aplicarían las penalidades de ésta, de ser menores que las penalidades bajo la legislación anterior. 24 L.P.R.A. sec. 2602.

Al enmendarse la Ley de Sustancias Controladas por la Ley Núm. 64, *supra*, se incluyó una disposición transitoria que extendió los beneficios del Art. 404 (b) (24 L.P.R.A. sec. 2404 (b) ), que se mencionan precedentemente, a toda persona que a partir de la fecha de vigencia de dicho artículo, fuere convicta de ilegalmente poseer cualquier sustancia controlada, aun cuando la acusación hubiere sido radicada al amparo de legislación anterior.

Por otro lado, sin embargo, estimó que la posesión con intención de distribuir, dispensar, transportar y ocultar cubierta por el Art. 401, así como los delitos castigables bajo los Arts. 402 y 403 constituyen gestiones relacionadas con la actividad o comercio ilegal del traficante y por ende impuso penas más rigurosas por su violación. Impuso a su vez penas mayores a los reincidentes. Es evidente la intención que persiguen dichos tres artículos de castigar severamente a sus violadores; por su propia naturaleza van contra el espíritu de rehabilitación expresado en el Art. 404 y en las disposiciones transitorias de la Ley Núm. 64.

Es interesante notar cómo el estado de New Jersey tomó las precauciones para que las disposiciones relativas a convicciones previas quedaran debidamente claras. Allí el legislador, consciente de la controversia que podría surgir al adoptar la Ley Federal de Sustancias Controladas, incorporó la posición del aquí peticionario en su Ley de Sustancias Controladas, 24 N.J.S.A. sec. 21-1 *et seq.* La sección de dicha ley que corresponde a nuestro Art. 404 (b), provee que el tribunal podrá en los casos de posesión, sin dictar sentencia, someter al acusado a tratamiento supervisado siempre que éste anteriormente no haya sido convicto *"bajo las disposiciones de esta ley o con posterioridad a la fecha de vigencia de esta ley"* bajo

cualquier ley de los Estados Unidos relacionada con narcóticos. 24 N.J.S.A. sec. 21-27. Podrá observarse que la legislatura de New Jersey añadió a su disposición legal correspondiente la frase "bajo las disposiciones de esta ley o con posterioridad a la fecha de vigencia de esta ley" que es esencialmente la frase que se nos pide añadamos por vía de interpretación a nuestro Art. 404 (b).

Por otro lado, el estado de Massachusetts quiso que no hubiera duda alguna que las "convicciones previas" incluían aquellas que surgían de leyes anteriores, al disponer taxativamente en su Ley de Sustancias Controladas, 94 C. *Massachusetts General Laws Annotated*, sec. 1 *et seq.*, que en los casos de posesión el acusado podrá ser sometido a libertad a prueba si no ha sido previamente convicto por violación a la nueva Ley de Sustancias Controladas o por violación *a otra ley anterior* relacionada con drogas narcóticas o por delito grave bajo las leyes de cualquier estado o de los Estados Unidos relacionada con narcóticos.

Aunque nuestra Asamblea Legislativa no dispuso expresamente si las "convicciones previas" a que alude el Art. 404 (b) de la Ley de Sustancias Controladas se refiere a violaciones a leyes de Estados Unidos relacionadas con narcóticos que estuvieren vigentes con anterioridad o con posterioridad a la nuestra, es mi opinión que debe prevalecer la voluntad de proveer al poseedor la oportunidad de rehabilitarse que ha quedado plasmada en el espíritu de nuestra ley. Difícil es llegar a otra conclusión que no sea que el legislador quiso extender los beneficios del Art. 404 (b) a los que resultaren convictos a partir de la vigencia de la nueva ley aun cuando la acusación hubiese sido radicada bajo la legislación anterior. Esto es, si se trata de un mero poseedor, deberán aplicarse los beneficios de la nueva Ley de Sustancias Controladas tanto a la primera violación que ocurra bajo dicha Ley, o a una primera convicción a partir de la vigencia de la misma aunque

la violación hubiese ocurrido bajo la anterior ley o bajo cualquier ley anterior de los Estados Unidos.

Por las razones expresadas estoy conforme con que se revoque la sentencia que condenó al peticionario a cumplir una pena de 1 a 3 años en cada cargo que habría de cumplirse concurrentemente, y se reinstale la resolución del tribunal de instancia de 24 de noviembre de 1971 ordenando la paralización de los procedimientos con el consentimiento del acusado y sometiéndole a libertad a prueba por el término de dos años bajo los términos y condiciones que impuso el tribunal recurrido. Considerando que este Tribunal dictó una Orden Provisional en 19 de abril de 1972 ordenando al custodio del peticionario Anselmo Martínez Reyes para que lo trasladara al Hogar de Rehabilitación CREA para continuar su proceso de rehabilitación bajo los términos de la resolución original del tribunal de instancia, y habida cuenta de que en 3 de diciembre de 1973, habiéndose cumplido entonces el término de dos años de libertad a prueba, fijamos una fianza para que el peticionario pudiera permanecer en libertad provisional, ordenaría al tribunal recurrido que se cerciore si el peticionario cumplió debidamente con las condiciones de la libertad a prueba, y previa celebración de vista, considerar si debe exonerar al peticionario y sobreseer el caso en su contra.