MARÍA LUISA FRATICELLI, recurrente, *v.* COMISIÓN INDUS-
TRIAL DE PUERTO RICO, ETC., demandada.

*Número:* O-76-240     *Resuelto:* 26 de noviembre de 1976

*Feldstein, Gelpí, Toro & Hernández,* abogados de la recurrente;
*José R. Cordero Rodríguez, Guillermo Figueroa Prieto* y

*Francisco Falú Negrón,* abogados del Administrador del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

La recurrente María Luisa Fraticelli perdió a su esposo en un accidente del trabajo ocurrido mientras éste pilotaba un avión entre Puerto Rico e Islas Vírgenes. Conforme el Art. 3, inciso 5(2) de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3(5)(2), el Administrador del Fondo del Seguro del Estado la declaró beneficiaria con derecho a compensación junto a los hijos habidos en el matrimonio. Contrajo de nuevo matrimonio pero posteriormente se divorció. El Administrador del Fondo ordenó el pago de compensación hasta la fecha en que contrajo nuevo matrimonio, disponiendo que de ahí en adelante la suma que le correspondía a la recurrente como viuda acrecería a los hijos menores, tal y como lo dispone el Art. 3, inciso 5(3)(c), 11 L.P.R.A. sec. 3,5(3)(c) de la mencionada Ley de Compensaciones por Accidentes del Trabajo. Dicho inciso provee en lo pertinente:

"El derecho a compensación de la viuda o concubina, como dependiente del obrero o empleado fallecido, cesará si se casara o viviera en concubinato. En tal caso o en caso de muerte de la viuda o concubina los pagos mensuales a los menores dependientes serán aumentados distribuyéndose entre dichos menores dependientes, la mensualidad que recibía la viuda o la concubina. . . ."

La recurrente impugna la validez constitucional de esta disposición por considerar que constituye un discrimen contra la mujer en contravención al Art. II, Sec. 1 de la Constitución del Estado Libre Asociado que prohíbe todo discrimen por razón de raza, color, sexo, origen social o ideas políticas o religiosas. Fundamenta su impugnación en que el texto de la disposición transcrita se refiere únicamente a la viuda y no menciona al viudo, lo cual constituye un discri-

men basado en el sexo del beneficiario. Arguye que la regla de gramática es al efecto de que el género masculino incluye al femenino pero no a la inversa por lo que no puede interpretarse que al mencionar a la viuda se incluye al viudo.

Debemos fijar en primer término el significado y alcance del mencionado inciso 5(3)(c) para entonces considerar si procede la impugnación de la recurrente.

El problema no es tan sencillo que quede resuelto con la aplicación de una mera regla gramatical. Especialmente en este caso en que la regla cuya aplicación sugiere la recurrente adolece del mismo vicio que sirve de base a la impugnación del estatuto, pues propugna un discrimen contra el sexo femenino al darle a éste un contenido más limitado que al uso del género masculino.

■ Nunca nos hemos adherido estrictamente a las reglas gramaticales ni a las de hermenéutica en el descargo de nuestra función de interpretar las leyes. "Las reglas jurídicas"—como bien dice el Profesor De Castro—"no tienen en sí valor jurídico propio, ni menos eficacia de fuente jurídica, son expresiones técnicas o recursos pedagógicos, y las más de las veces cobertura de la pereza del pensar jurídico y signo de decadencia de la ciencia del Derecho." De Castro y Bravo, Federico: 1 *Derecho Civil de España,* 433 (2da .Ed. 1949).

■ La función de interpretar las leyes requiere el examen paciente y riguroso que parte de la letra de la ley y la evaluación de todos los elementos de juicio disponibles para así descubrir su verdadero significado y próposito. *Banco de Ponce* v. *Srio. Hacienda,* 81 D.P.R. 442 (1959). Es preciso pues que consideremos la disposición impugnada en armonía con las otras disposiciones de la Ley de Compensaciones por Accidentes del Trabajo.

La Ley de Compensaciones por Accidentes del Trabajo se aplica a todos los obreros o empleados—hombre y mujer—que sufran lesiones, se incapaciten o que pierdan la vida por accidentes del trabajo. Art. 2 de la mencionada Ley, 11

L.P.R.A. sec. 2. Dicha Ley provee una compensación para casos de muerte, como en el de autos, prescribiendo que:

"(1) . . . . . . . .

(2) *Si el obrero o empleado fallecido dejare viuda; padres; hijos;* incluyendo póstumos, adoptivos o de crianza; abuelos; padre o madre de crianza; nietos, hermanos, incluyendo hermanos de crianza; concubina; *y familiares dentro del cuarto grado de consanguinidad o segundo grado de afinidad;* éstos recibirán, de cualificar bajo las reglas que aquí se establecen, una compensación equivalente al sesenta y seis y dos tercios (66⅔) por ciento del jornal que percibía el obrero o empleado el día del accidente, o que hubiere de percibir a no ser por la ocurrencia del accidente, pagadera por meses vencidos con un pago mínimo mensual de (50) dólares y máximo de cien (100) dólares, por un período de quinientas cuarenta (540) semanas, salvo lo que se dispone más adelante para el caso en que los beneficiarios fueren la viuda, los padres o hijos del obrero fallecido." (Énfasis suplido.)

Se advierte de inmediato que el texto transcrito se refiere exclusivamente a la viuda sólo por razón de la ordenación de las palabras en la oración. El sujeto de la oración es el masculino "obrero o empleado" y la relación lógica de las palabras hace necesario referirse únicamente al género femenino, o sea, a la viuda. Esto no significa, sin embargo, que se excluya al viudo pues el concepto "obrero o empleado" cubre también miles de mujeres trabajadoras que gozan de la protección de la Ley de Compensaciones por Accidentes del Trabajo. Sería absurdo y contrario al propósito de esta ley interpretar que como el texto sólo alude a la viuda el dependiente viudo no tiene derecho a compensación cuando fallece una obrera o empleada en el curso del empleo o como consecuencia del mismo. La Ley de Compensaciones por Accidentes del Trabajo es una de dependencia que tiene por objeto proteger a las personas que real y efectivamente dependan económicamente del obrero, sea éste hombre o mujer. *El Día, Inc.* v. *Tribunal Superior,* 104 D.P.R. 149 (1975); *Gallart Mendía* v. *González Marrero,* 95 D.P.R. 201–206

(1967). La condición indispensable es la dependencia y no el sexo. Leído en su contexto total surge la intención legislativa de referirse al "cónyuge viuda" (varón o hembra) cuando usó el vocablo "viuda".

El derecho a compensación en caso de muerte cubre, por tanto, a ambos, viuda o viudo. Así se deduce no solamente por la interpretación lógica que aquí le impartimos sino del propio texto de la disposición que se refiere a todos los "familiares dentro del cuarto grado de consanguinidad o segundo grado de afinidad."

■ Este es el mismo derecho que cesa por razón de nuevo matrimonio o de concubinato, según el inciso 5(3)(c) aquí impugnado. Dicho inciso es parte integral de una misma disposición relativa al derecho de compensación en caso de muerte y tiene que interpretarse en conjunto y no por sus secciones aisladas. *Sales* v. *Samac Motor Corp.*, 92 D.P.R. 529 (1965). En consecuencia, como el derecho a compensación por muerte cubre tanto al viudo como a la viuda, la cesación de este derecho por matrimonio o concubinato procede en uno y otro caso. La interpretación literal que propone la recurrente enervaría el propósito de la Ley de Compensaciones por Accidentes del Trabajo, que es el de dar protección a todos los que real y efectivamente dependan del obrero fallecido.

La interpretación abarcadora que aquí impartimos al derecho de compensación por muerte no es nada nuevo. La Comisión Industrial ha reconocido consistentemente que este derecho se aplica a los dependientes del obrero fallecido independientemente del sexo del cónyuge supérstite.

Sostiene, además, la recurrente que la cesación del derecho a compensación es provisional mientras subsista su nuevo estado matrimonial. No estamos de acuerdo.

■ El derecho a compensación termina con el nuevo matrimonio puesto que al crearse un nuevo nexo familiar se altera la base jurídica de la dependencia. La subsiguiente

disolución del matrimonio por divorcio no tiene el efecto de revertir al estado anterior. El Código Civil provee protección adecuada para esta nueva relación de dependencia. Véase Art. 109 del Código Civil, 31 L.P.R.A. sec. 385.

Debe recordarse que la porción de la viuda acrecerá a los hijos menores en caso de matrimonio o concubinato de ésta. De manera que si bien ella deja de recibir la compensación, sus hijos menores siguen recibiendo en su lugar el beneficio de la misma.

En vista del significado y alcance que hemos impartido al derecho de compensación por muerte establecido y regulado por los incisos 5(2) y 5(3) del Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, *supra*, concluimos que es infundado el ataque constitucional promovido por la recurrente.

*Se dictará sentencia confirmando la resolución recurrida.*