El Juez Asociado Señor Negrón García no intervino.

ALFONSO L. GARCÍA MARTÍNEZ y OTROS, demandantes y recurrentes, *v.* EL GOBERNADOR DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS, demandados y recurridos; JOSEFINA VIVES NAZARIO VIUDA DE FREYRE, interventora y recurrente.

*Número:* R-78-179      *Resuelto:* 11 de diciembre de 1979

*Alfonso L. García Martínez, pro se;* y *Martín Almodóvar Acevedo,* abogado de los recurrentes y de la interventora; *Donato Rivera De Jesús,* abogado de la Asociación Puertorriqueña de la Judicatura, Inc.; *Héctor A. Colón Cruz, Procurador General, Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del Gobernador del Estado Libre Asociado de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Varios "participantes" en el Sistema de Retiro de la Judicatura así como la viuda de otro y acreedores también a ciertos beneficios que concede la Ley Federal de Seguridad Social, 42 U.S.C.A. sec. 401 *et seq.*, impugnan la validez constitucional del párrafo 2do del Art. 1ro de la Ley Núm. 105 del 28 de junio de 1969, 3 L.P.R.A. sec. 788a (Suplemento 1978), en cuanto rige los derechos de pensiones del cónyuge supérstite e hijos menores o incapacitados de cualquier juez que muera retirado y recibiendo beneficios del Sistema de Retiro de la Judicatura.

La disposición impugnada dispone de la siguiente manera:

*"Al fallecer un participante* del Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus Instrumentalidades y/o del Sistema de Retiro de la Judicatura de Puerto Rico *mientras estuviere recibiendo una anualidad por retiro o por incapacidad* de dicho Sistema, el cónyuge supérstite e hijos menores o física y/o mentalmente incapacitados tendrán derecho a una pensión que se determinará de acuerdo a lo dispuesto en esta sección.

*Si el participante retirado, al momento de fallecer* estuviese cubierto por el Título II de la Ley Federal de Seguridad Social, las personas antes mencionadas no tendrán derecho a la pensión que por esta sección se concede." (Bastardillas nuestras.)

■ Tanto las partes como el tribunal sentenciador interpretan el estatuto en el sentido más literal posible, esto es, entienden que la citada disposición priva de todo beneficio a los hijos menores o incapaces y al cónyuge supérstite de cualquier participante en el Sistema de Retiro de la Judicatura que por alguna razón estuviera cubierto al momento de fallecer por el Título II de la Ley Federal de Seguridad Social. El Tribunal Superior determinó que el requisito contenido en la ley guarda relación con su propósito, y sostuvo la validez del estatuto. Los demandantes acuden ante nos y esgrimen una vez más contra el estatuto argumentos constitucionales predicados en las cláusulas del debido procedimiento de ley e igual protección de las leyes de nuestra Constitución, Art. II, Sec. 7. Decidimos revisar.

La solución de la controversia radica en una interpretación

adecuada de la legislación impugnada y, como veremos, al poner dicho estatuto en su correcta perspectiva, queda definitivamente soslayado todo el problema constitucional. Ver *Aguayo* v. *E.L.A.*, 80 D.P.R. 552–596 (1958).

## I

■ Es conveniente consignar que no es posible abordar los problemas que se suscitan en torno a los sistemas de seguros públicos o privados sin antes estudiar con alguna extensión el marco económico y el trasfondo social en que cada sistema opera. *Caloca* v. *C.I.A.A.*, 108 D.P.R. 164 (1978). Hay que identificar sus objetivos, advertir los pormenores de su estructura de operación y definir con claridad su relación con otros sistemas; pues la omisión de esos detalles puede dar margen a inexactitudes en la interpretación. *Fraticelli* v. *Comisión Industrial*, 105 D.P.R. 363, 365 (1976); *Martínez Reyes* v. *Tribunal Superior*, 104 D.P.R. 407, 410 (1975); *Cerame-Vivas* v. *Srio. de Salud*, 99 D.P.R. 45, 51 (1970); *Esso Standard Oil* v. *A.P.P.R.*, 95 D.P.R. 772, 783 (1968); *Méndez & Cía.* v. *Corte*, 57 D.P.R. 845, 848 (1941).

## II

■ El sistema de retiro para los jueces tiene rango constitucional. La Constitución del Estado Libre Asociado de Puerto Rico, en la sección décima de su quinto artículo, dispone que la Asamblea Legislativa establecerá un sistema de retiro para los jueces. Cumpliendo el mandato constitucional, única ocasión en que la Ley Fundamental lo exige, se aprobó la Ley de Retiro de la Judicatura, Ley Núm. 12 del 19 de octubre de 1954, 4 L.P.R.A. secs. 233 a 246. El propósito del Sistema de Retiro de la Judicatura es establecer un medio eficiente para proveer a los jueces retirados pensiones y otros beneficios. Se diseña un mecanismo mediante el cual los jueces del Estado Libre Asociado de Puerto Rico acumulan reservas para su vejez, incapacidad, separación del servicio o

muerte, garantizando así la independencia del poder judicial. Debe tenerse siempre presente el propósito de la Convención Constituyente de garantizar la independencia judicial y que uno de los medios para garantizarla es el establecimiento de un sistema de retiro para los jueces, de suerte que el juez durante su gestión esté libre de preocupaciones económicas al retirarse, y que al fallecer, tenga la tranquilidad de que su viuda e hijos menores queden adecuadamente protegidos.

▪ Hay sistemas gubernamentales de retiro que, como resultado de cierto convenio celebrado entre el Secretario Federal de Salud, Educación y Bienestar y el Gobierno de Puerto Rico,[1] están integrados al Sistema Federal de Seguridad Social. Por ejemplo, los empleados acogidos al Sistema de Retiro de los Empleados del Gobierno, participan del Sistema Federal comprando así las protecciones y beneficios que dicho sistema otorga. El Sistema de Retiro de la Judicatura no es uno de esos programas integrados al Sistema de Seguridad Social Federal y por lo tanto, los jueces, mientras se desempeñan como tales, no hacen aportaciones, ni adquieren derechos bajo la ley federal. El Sistema de Retiro de la Judicatura opera pues completamente al margen del mecanismo federal de seguridad social.

Los participantes en sistemas de retiro auspiciados por el Estado Libre Asociado pueden colocarse en uno de dos grupos: (a) los participantes en un sistema de retiro coordinado con la Ley Federal de Seguridad Social—como por ejemplo los afiliados al Sistema de Retiro de los Empleados del Gobierno, y (b) los participantes en un sistema de retiro divorciados de la Ley Federal de Seguridad Social—como son los cobijados por el Sistema de Retiro de la Judicatura.

La diferencia entre ambos grupos consta de que el primero hace las aportaciones requeridas por la Ley Federal de Seguridad Social y recibe unos beneficios bajo dicha ley los

---

[1] Convenio autorizado tanto por la Ley Federal como por nuestra legislación. Ver 42 U.S.C. Sec. 418 y la Ley Núm. 396 del 12 de mayo de 1952,.3 L.P.R.A. sec. 814.

cuales, combinados con los beneficios que recibe del sistema de retiro, forman un plan equitativo y racional de retiro. El segundo grupo hace aportaciones únicamente al sistema de retiro y recibe de éste unos beneficios los cuales, sin más, deben formar también un plan equitativo y racional de retiro.

Así advertidos, conviene entonces dilucidar la relación que tiene con esta estructura bilateral de sistemas de retiro la Ley Núm. 105 del 28 de junio de 1969.

## III

■ El propósito de la ley es proveer una asistencia económica al cónyuge supérstite e hijos del participante que con mayor probabilidad dependían del ingreso económico de éste para subsistir. Es de importancia cardinal tener presente que el Sistema de Retiro de los Empleados del Gobierno ofrece un beneficio similar a sus participantes mediante su coordinación con la Ley Federal de Seguridad Social, razón por la cual fue necesario y lógico limitar la pensión concedida por la Ley Núm. 105 a aquellos casos donde las personas beneficiadas no tuvieran la protección concedida por el Sistema de Retiro a través de la Ley Federal de Seguridad Social.

■ Resulta, pues, que la Ley Núm. 105, *supra*, es una protección suplementaria para cubrir aquellos casos en que la protección principal, la Ley Federal de Seguridad Social, no ampara las personas mencionadas; es una medida legislativa pensada para servir fundamentalmente la necesidad de aquel grupo de empleados acogidos a un sistema de retiro no integrado al Sistema de Seguridad Social Federal.

La Ley Núm. 105, *supra*, se hace expresamente extensiva a los participantes en el Sistema de Retiro de la Judicatura de Puerto Rico, sistema que no se relaciona con el mecanismo federal de seguro social. Así pues, la Ley Núm. 105, *supra*, según enmendada por la Ley Núm. 32, de 18 de junio de 1971, priva sobre situaciones del todo dispares: de un lado, aplica a los participantes del Sistema de Retiro de los Empleados del

Gobierno, sistema coordinado con la Ley Federal de Seguridad Social; y de otra parte, rige sobre los participantes del Sistema de Retiro de la Judicatura, sistema que está separado de la Ley Federal de Seguridad Social. Debemos pues, armonizar esa aparente discrepancia.

## IV

La Ley Núm. 105, en su perspectiva original, es una ley suplementaria: si el participante no lograba la condición de asegurado bajo la Ley Federal de Seguridad Social, principal beneficio provisto por el Sistema de Retiro de los Empleados del Gobierno, entonces recibía la pensión concedida por la Ley. De esta manera todos los participantes de dicho sistema recibían del sistema una asistencia económica para su cónyuge e hijos en las circunstancias descritas. Por otro lado, si consideramos que los miembros de la Judicatura, como tales, no disfrutan como los empleados regulares del Estado de los beneficios que concede la Ley Federal de Seguridad Social, no tiene sentido, en cuanto a ellos, calificar como suplementarias las concesiones de la Ley Núm. 105 y excluir de su ámbito de protección a la viuda e hijos de ciertos participantes por el hecho colateral de recibir éstos pagos a que tenían derecho por circunstancias totalmente ajenas al Sistema de Retiro al que pertenecía su causante.

Tanto los beneficios concedidos por la Ley Federal de Seguridad Social como los beneficios concedidos por los sistemas de retiro auspiciados por el Gobierno de Puerto Rico varían en relación con los años trabajados y la compensación recibida. Ambos sistemas están diseñados de manera que sus participantes adquieran una protección económica adecuada y a la misma vez proporcional a sus aportaciones que dependerá de los años trabajados y la compensación recibida. Mas un participante en el Sistema de Retiro de la Judicatura no adquiere, en virtud de los años trabajados y la compensación recibida mientras participa en dicho sistema, derecho alguno a recibir beneficios bajo la Ley Federal de Seguridad Social.

Por tanto, la persona que recibe un beneficio bajo la Ley Federal de Seguridad Social en consideración a empleos y aportaciones anteriores y también recibe un beneficio de naturaleza similar en consideración a servicios prestados mientras participaba en el Sistema de Retiro de la Judicatura, no está recibiendo doble beneficio. Cada derrama tiene su causa y no podemos leer en la Ley intención de privar al participante de una por estar recibiendo la otra. Sostienen los demandados recurridos que para evitar una carga económica excesiva al Sistema de Retiro, los legisladores concedieron el beneficio únicamente a las personas que realmente tuvieran una necesidad económica, haciendo esta distinción a base del derecho a recibir beneficios bajo la Ley de Seguridad Social.

El propósito del Sistema de Retiro de la Judicatura es que los jueces puedan acumular reservas para su vejez, incapacidad, separación del servicio o muerte, garantizando su independencia. Reconociendo las circunstancias en las cuales esta reserva es necesaria, el sistema de retiro ofrece beneficios con el propósito de suplir estas necesidades generalmente aceptadas. Los participantes, a través de las aportaciones que hacen, compran su derecho a estos beneficios. El patrono hace aportaciones adicionales a las del empleado como retribución adicional. Generalmente, ser acreedor de un beneficio depende de haberlo "comprado" y no de la necesidad de la persona. Para interpretar esta ley en forma opuesta a la estructura uniforme de los sistemas de retiro sería indispensable alguna indicación clara de que el legislador quiso variar dicha estructura. Tal indicación no existe en el caso de autos. Ciertamente, no basta decir como lo hace el recurrido, que "[l]a intención del Legislador, según se desprende de nuestra interpretación de la ley . . . ." es tal. En todo caso, nuestra interpretación debe desprenderse de la intención del legislador.

Más aún, la interpretación que rechazamos no estaría de acuerdo con el propósito que anima esta legislación: garantizar la independencia judicial. Los causahabientes de ciertos

jueces tendrían que subsistir con cuanto recibieran del Seguro Social Federal por exiguo que fuera mientras que los otros disfrutarían de una pensión adecuada bajo la Ley Núm. 105. Todo ello sin tomar en consideración que todos los jueces hacen al Sistema de Retiro aportaciones similares resultando unos en la precaria situación de verse obligados a contribuir para beneficiar expectativas ajenas.

■ Así pues, considerando el propósito de la Ley Núm. 105 de proveer una pensión al cónyuge supérstite e hijos menores o física o mentalmente incapacitados de participantes en los sistemas de retiro auspiciados por el Gobierno, la relación que existe entre los distintos sistemas de retiro y la Ley Federal de Seguridad Social, y la manera en la cual se ha logrado el propósito de la ley en otros sistemas de retiro, (²) concluimos que para propósitos del párrafo 2do del Art. 1ro de la Ley Núm. 105, *supra*, un participante cubierto por el Título II de la Ley Federal de Seguridad Social, es aquel participante en un sistema de retiro coordinado con la Ley Federal de Seguridad Social que adquiere la condición de asegurado bajo dicha Ley.

■ Los demandantes recurrentes en el caso de autos, participantes en el Sistema de Retiro de la Judicatura, no son "participantes cubiertos" según la ley por no estar dicho Sistema coordinado con la Ley Federal de Seguridad Social. Por tanto, aunque sus ataques constitucionales a la Ley Núm. 105 del 28 de junio de1969 resultan así infundados, procede

---

(²)La Ley Núm. 169 del 30 de junio de 1968, en su Art. 1, dispone:

"Al fallecer un miembro del Cuerpo de la Policía del Estado Libre Asociado de Puerto Rico mientras estuviere recibiendo una pensión del Sistema de Retiro de los Empleados del Gobierno Estatal de Puerto Rico y sus instrumentalidades, o de cualquier otro sistema o ley de pensión gubernamental aplicable a miembros de la Policía de Puerto Rico, los beneficiarios designados por él a tales efectos, o sus herederos, incluyendo el cónyuge supérstite, tendrán derecho a una pensión que se determinará de acuerdo con lo dispuesto en este Capítulo.

"Los beneficiarios antes mencionados no tendrán derecho a pensión, si el miembro del Cuerpo de la Policía, *como participante del Sistema de Retiro de los Empleados del Gobierno de Puerto Rico*, quedare acogido al Título II de la Ley Federal de Seguro Social." 25 L.P.R.A. sec. 391. (Énfasis suplido.)

que se conceda el remedio a que tienen derecho, declarándose que aunque por cualquier razón ajena a sus funciones como juez tengan los demandantes algún derecho adquirido bajo la Ley Federal de Seguridad Social, sus cónyuges supérstites e hijos menores o incapacitados tienen derecho a los beneficios concedidos por la Ley Núm. 105 de 1969 por no estar el Sistema de Retiro de la Judicatura integrado con la Ley Federal.

*Se dictará sentencia de conformidad.*