RAMONA SERRANO VDA. DE TALAVERA, ET ALS., demandantes y apelantes, *v.* ONOFRE, DÁMASO y CAYETANO TALAVERA SERRANO, demandados y apelados.

Núm. 9053.—*Sometido:* Junio 1, 1945. *Resuelto:* Noviembre 29, 1945.

*Pedro E. Anglade,* abogado de los apelantes; *Pedro J. Aguilar* y *L. Mercader,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los demandantes y los demandados componen la Sucesión de Dámaso Talavera Nieves. Alegaron los primeros en su demanda que al fallecimiento del causante, éste dejó una finca de 74.83 cuerdas descrita en la demanda, ubicada en el término municipal de Hatillo; que la finca estaba hipotecada al Federal Land Bank of Baltimore en garantía de un préstamo que había recibido el causante; que con posterioridad a la muerte de éste uno de sus hijos, el demandado Onofre Talavera Serrano, fué designado por los demás herederos como administrador de la finca; que la administró

por espacio de tres años, al cabo de los cuales cesó como tal administrador; que poco después fué designado con el mismo objeto otro de los demandados, Dámaso Talavera Serrano, a quien se le otorgó poder general por todos los herederos; que estando la finca bajo la administración de éste, la hipoteca fué ejecutada por y adjudicada al Banco; que cuando los miembros de la Sucesión Talavera fueron requeridos de pago en el procedimiento ejecutivo hipotecario, la viuda de Dámaso Talavera Nieves y algunos de sus hijos, llamaron a Dámaso Talavera Serrano para aconsejarse con él y que éste les manifestó que no debían preocuparse por el procedimiento ejecutivo, toda vez que él había convenido con el Banco en que se ejecutase la hipoteca para así obtener él la finca, ya que el Banco entendía que sería más fácil realizar el cobro de los plazos entendiéndose con una sola persona y a la vez sería conveniente para la Sucesión, pues el precio en que él la comprase sería distribuído en veinte anualidades y que era entendido que la finca la adquiriría Dámaso para todos los miembros de la Sucesión en la proporción que la poseían al fallecer el causante; que luego de ejecutada la finca Dámaso la compró al Banco a su nombre y se niega a reconocer derecho alguno sobre ella a los demás miembros de la Sucesión.

Como una segunda causa de acción alegaron, además, que durante la administración de uno y otro hermano, se apropiaron éstos para su exclusivo beneficio los productos de la finca, no pagando los plazos de la hipoteca del Banco ni las contribuciones ni deuda otra alguna de la Sucesión, dando lugar la falta de pago de los plazos de la hipoteca a que la finca fuese ejecutada en la forma antes dicha. Termina la demanda con súplica de que se declare que Dámaso Talavera Serrano adquirió la finca en *trust* para él y los demás miembros de la Sucesión y que se condene a Dámaso y Onofre Talavera Serrano a rendir cuenta de sus respectivas ad-

ministraciones y satisfagan a los demandantes lo que a cada uno corresponda por concepto de frutos producidos o debidos producir.

En la contestación niegan los demandados la existencia del trust, se refieren a algunos de los pagos hechos por los administradores con los escasos productos de la finca; se alega que durante todas las fechas que se mencionan en la demanda y aún al radicarse la contestación, algunos de los hermanos de Dámaso Talavera y la madre de éste han vivido en la finca, limitándose la administración de Onofre y Dámaso Talavera a la pequeña plantación de caña que dejó su padre al fallecer; se alega, además, que la finca fué vendida por Dámaso Talavera Serrano a su hermano Cayetano quien la posee en la actualidad, aun cuando continúan viviendo en la finca su madre y algunos de sus hermanos sin pagar canon o merced alguna.

La corte inferior, resolviendo el caso en sus méritos, declaró que los demandantes no habían probado la existencia del trust, y en cuanto a la acción de rendición de cuentas resolvió que los demandantes habían incurrido en *laches*, por lo que desestimó la demanda en cuanto a las dos causas de acción.

En verdad la evidencia no sostiene la alegada existencia del trust. La prueba con respecto a que, en presencia de otras personas, según la declaración de Roberto Martínez, abogado de los demandantes, Dámaso Talavera había admitido que adquirió la finca para todos los miembros de la Sucesión, es débil en extremo, y en verdad no hay motivo alguno para creer que Dámaso Talavera, no teniendo en su poder dineros de los demandantes con que comprar la finca para ellos, realizase tal acto de generosidad. Por el contrario, de la prueba surge que la compra tuvo efecto más de un año después de haberse adjudicado la finca al Banco, y que poco después Dámaso la vendió a su hermano Cayetano. Podría, quizás, atribuirse el motivo de la compra a mante-

ner a su madre y hermanos en la finca donde por tanto tiempo habían venido viviendo.

Se hace difícil creer que Dámaso Talavera diera a su madre y hermanos la explicación que ellos le atribuyen al efecto de que el Banco deseaba que él comprase la finca para de ese modo poder entenderse con una sola persona en lo que respecta al cobro de los intereses y plazos vencidos. Se recordará que Dámaso Talavera desde mucho antes de ejecutarse la hipoteca, tenía un poder otorgádole por todos los miembros de la Sucesión, lo cual hacía innecesario, a los efectos del Banco, que la finca figurase a nombre de Dámaso Talavera.

Convenimos con el juez *a quo* que la evidencia no es suficiente para sostener la alegación de la existencia del trust. En lo que no podemos convenir es en su conclusión al efecto de que los demandados no estén obligados a rendir las cuentas de su administración porque los demandantes hayan incurrido en laches.

La acción de *accounting* en el Derecho Angloamericano es de equidad, y siendo la defensa de laches una doctrina de equidad, es de aplicación en las acciones de accounting bajo el Derecho Angloamericano. Pero aún bajo ese mismo Derecho la doctrina de laches no es de aplicación en acciones en ley donde exista un término de prescripción. *United States* v. *Mack*, 295 U. S. 480, 489, (1935); *Transbel Inv. Co.* v. *Scott*, 26 A.2d 205 (Pa. 1942).

Independientemente de que la evidencia en este caso fuese o no suficiente para dar lugar a la aplicación de la doctrina de laches en una acción de accounting en una corte de equidad, la doctrina de laches no es aplicable en el presente caso. En esta jurisdicción la acción de rendición de cuentas no tiene su origen en la Jurisprudencia de Equidad. Por el contrario, está regulada por nuestro Código Civil que a su vez la tomó del Código Civil Español.(¹) De conformidad

---

(¹)Véanse los Arts. 1872, 986 y 218–222 del Código Civil, ed. 1930.

con el art. 1861 del Código Civil, las acciones prescriben por el mero lapso del tiempo fijado por la ley, y como ha resuelto el Tribunal Supremo de Cuba en su *Sentencia Núm. 163 de 5 de noviembre de 1931,* el que alega la prescripción extintiva *no debe probar otra cosa* que el decurso del tiempo. Por consiguiente ninguna circunstancia acorta el término de prescripción fijado por la ley.

Aceptamos que en esta jurisdicción se ha aplicado distintas veces la doctrina de laches, pero ha sido siempre en relación con remedios extraordinarios adoptados del Derecho Angloamericano.

Como no existe ninguna disposición especial fijando el término de prescripción para la acción de rendición de cuentas, siendo como es ésta una acción personal, prescribe a los quince años, de acuerdo con el art. 1864 del Código Civil, ed. 1930. Pero como de conformidad con el art. 1872 del mismo cuerpo legal la prescripción de la acción para exigir rendición de cuentas corre desde el día en que cesaron en sus cargos los que debían rendirlas, y en el presente caso el primero de los administradores, Onofre Talavera Serrano, cesó como administrador en el año 1931 y la demanda original se radicó antes del 22 de julio de 1941, tenemos que concluir que la acción en el presente caso no está prescrita.

*Procede, por lo expuesto, confirmar la sentencia apelada en lo que respecta a la primera causa de acción, revocarla en cuanto a la segunda y dictarse por este Tribunal la sentencia que debió haber dictado la corte inferior, o sea, declarar sin lugar la demanda en cuanto a la primera causa de acción, con lugar en cuanto a la segunda, y condenar a los demandados Onofre y Dámaso Talavera Serrano a rendir a los demandantes las cuentas de sus respectivas administraciones dentro de un término de sesenta días, a partir de la devolución del mandato a la corte inferior, con imposición de costas a los demandados.*