EL PUEBLO DE PUERTO RICO, recurrido, *v.* LUIS ANTONIO ROMÁN SANTIAGO, acusado y peticionario.

*Número:* O-79-527    *Resuelto:* 18 de marzo de 1980

*Heyda Vigil McClin,* de la sociedad para la Asistencia Legal, abogada del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> I<small>RIZARRY</small> Y<small>UNQUÉ</small> emitió la opinión del Tribunal.

El peticionario hizo alegación de culpabilidad en dos cargos por infracción al Art. 404(a) de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404(a) y, en virtud del Art. 404(b) de dicha ley fue puesto en libertad a prueba por el Tribunal Superior, Sala de Bayamón, por un período de cuatro años a partir del 6 de mayo de 1974. A moción del oficial probatorio presentada el 27 de junio de 1978, dicho tribunal dispuso, luego de una vista, extender el período probatorio por el término de un año. La resolución que a tal efecto se dictó tiene fecha de 21 de agosto de 1978. No hay constancia en los autos de que el peticionario objetara a la extensión solicitada y decretada. Tampoco recurrió contra la misma y continuó sometido al tratamiento rehabilitador que venía recibiendo.

Así las cosas, el 18 de febrero de 1979 el peticionario incurrió en una infracción de la Ley de Sustancias Controla-

das. El tribunal, a moción del fiscal de 24 de agosto de 1979 y luego de una vista a que compareció el peticionario asistido de abogado, dictó resolución el 5 de octubre de 1979, en que revocó la libertad a prueba y le sentenció a una pena de uno a tres años de reclusión por los cargos iniciales. Ha recurrido ante nos en solicitud de *certiorari*. Alega que el tribunal actuó sin jurisdicción al extender el período a prueba luego de haber vencido e igualmente al sentenciarle. El Procurador General ha comparecido mediante escrito en que acepta las alegaciones esenciales de la petición ante nos, sin formular oposición a lo solicitado. Resolvemos que el tribunal actuó con jurisdicción.

El citado Art. 404(b) dispone en sus tres primeros párrafos, aquí pertinentes, como sigue:

"(b)(1) Si cualquier persona, que no haya sido previamente convicta de violar el inciso (a) de esta sección, o de cualquier otra disposición de este Capítulo, o de cualquier ley de los Estados Unidos, relacionada con drogas narcóticas, marihuana, o sustancias estimulantes o deprimentes, es hallada culpable de violar el inciso (a) de esta sección, bien sea después de la celebración del juicio, o de hacer una alegación de culpabilidad, el tribunal podrá, sin hacer pronunciamiento de culpabilidad, y con el consentimiento de tal persona, suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir, y por el término que estime a bien prescribir, el cual no excederá de cinco años.

En el caso de incumplimiento de una condición de la libertad a prueba, el tribunal podrá dejar sin efecto la libertad a prueba y proceder a dictar sentencia.

Si durante el período de libertad a prueba la persona no viola ninguna de las condiciones de la misma, el tribunal, en el ejercicio de su discreción, y previa celebración de vista, podrá exonerar la persona y sobreseer el caso en su contra. La exoneración y sobreseimiento bajo este inciso se llevará a cabo sin declaración de culpabilidad por el tribunal, pero se conservará el récord del caso en el Tribunal, con carácter confidencial, no accesible al público, y separado de otros récords a los fines exclusivos de ser utilizado por los tribunales al determinar, si en procesos subsiguientes, la persona cualifica bajo este inciso."

■ Esta disposición es "de naturaleza remedial con un propósito esencialmente rehabilitador. Reconoce la realidad científica de que el adicto no se cura con reclusión en presidio sino con tratamiento". *Martínez Reyes* v. *Tribunal Superior*, 104 D.P.R. 407, 409 (1975). Para lograr ese propósito rehabilitador, el tribunal ha de tener amplia discreción al determinar el tratamiento a que ha de ser sometido el adicto, así como la duración del mismo, limitada únicamente por el período máximo de cinco años de libertad a prueba fijado en el estatuto.

■ Parece ser la contención del peticionario que concluido el período de libertad a prueba es mandatorio el archivo del caso. No es eso lo que leemos en la transcrita disposición. Por el contrario, la primera oración del tercer párrafo permite que, aun cuando el probando no haya violado ninguna de las condiciones impuéstasle para su libertad a prueba, el tribunal conserva su discreción para exonerarle. Ello supone que, concluido el período de libertad a prueba, se evalúe la conducta observada por el probando durante dicho período y se determine entonces, luego de una vista, si procede o no su exoneración. Es decir, debe demostrarse que el probando se ha rehabilitado. Se frustraría el propósito de la ley si por haber expirado el período probatorio fuese mandatorio exonerar al probando y sobreseer los cargos en su contra no obstante estar convencido el tribunal de que no se ha rehabilitado.

■ Los autos originales de este caso revelan que el 6 de mayo de 1978, cuando se cumplieron los cuatro años del período de libertad a prueba, el probando no se había rehabilitado. Veamos. Al disponer la libertad a prueba en su resolución de 6 de mayo de 1974 expresó el tribunal que sería "de capital importancia" que el probando continuase "recluido en el Hogar de Río Plantation recibiendo tratamiento para su adicción a drogas y narcóticos". No obstante, fue necesario ordenar su arresto y encarcelación el 14 de julio de 1976 por haber abandonado dicho Hogar. En esa ocasión expresó el

Tribunal que la permanencia del probando en el Hogar CREA era "condición esencialísima de la libertad a prueba". A pesar de esta expresión, el tribunal no revocó la libertad a prueba y dispuso, luego de una vista, que volviera al Hogar CREA en Río Plantation. Siguió allí el peticionario, pero en julio de 1977, volvió a abandonar el Hogar CREA sin autorización. Se decidió entonces que continuara en un programa llamado Teen Challenge, y como paciente ambulatorio del programa contra la adicción, pero abandonó dichos programas el 20 de diciembre del 1977. Se le sometió a evaluaciones sicológicas y siquiátricas, que no habían concluido el 6 de mayo de 1978, cuando se cumplía el plazo de cuatro años de libertad a prueba. ¿Debió el tribunal sentenciarle entonces? Pudo hacerlo, pero optó por brindarle al peticionario el beneficio de extenderle la libertad a prueba para que continuara tratamiento. Al así hacerlo, actuó con jurisdicción e hizo uso de la amplia discreción que le da la ley.

No es menester considerar si sería procedente revocar la libertad a prueba al probando por hechos ocurridos luego de transcurrir cinco años desde que se le concedió tal beneficio. Tales hechos no están ante nuestra atención. El probando incurrió en violación de la Ley de Sustancias Controladas el 18 de febrero de 1979, cuando no habían transcurrido dichos cinco años, y mientras permanecía bajo la jurisdicción del tribunal. Cabe señalar, además, que pruebas de orina héchasle de septiembre a diciembre de 1978 resultaron positivas en seis ocasiones para la sustancia "Talwin" y barbitúricos. Ante este cuadro, indicativo de que el peticionario no pudo rehabilitarse durante el período de libertad a prueba y su extensión, actuó correctamente el tribunal de instancia al sentenciarle.

El peticionario ha citado varias decisiones de tribunales estatales en que se resuelve que los trámites para revocar el régimen de libertad a prueba deben iniciarse dentro del período probatorio, es decir, antes de que expire dicho período. Pasa por alto el peticionario que dichas decisiones se

refieren a regímenes de libertad a prueba bajo leyes generales y no bajo una ley especial como la que aquí nos ocupa.

■ En nuestra jurisdicción hay un sistema de libertad a prueba o de sentencia suspendida, aplicable a convictos de delitos graves, con algunas excepciones, y menos graves en algunos casos. Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. sec. 1026 y siguientes. Bajo este sistema la persona es sentenciada a prisión, pero se suspende la ejecución de la sentencia mientras cumpla determinadas condiciones. El período de libertad a prueba es en esos casos el máximo de la sentencia impuesta. Puede decirse que el convicto está cumpliendo su sentencia en probatoria. Bajo el sistema de la Ley de Sustancias Controladas, el probando no cumple sentencia, y de hecho no se considera convicto una vez transcurre el período probatorio y se dispone el archivo y sobreseimiento de la causa.

*Por las anteriores consideraciones, y de conformidad con la Regla 50 de nuestro Reglamento, se confirmará la resolución recurrida.*