EL PUEBLO DE PUERTO RICO, peticionario, *v.* SAMUEL VALENTÍN BURGOS, acusado y recurrido.

*Número:* CE-90-844 *Resuelto:* 4 de marzo de 1994

*Norma Cotti Cruz, Subprocuradora General*, y *Blanca A. Díaz Segarra, Procuradora General Auxiliar*, abogadas de El Pueblo; *Zinia I. Acevedo Sánchez*, de la *Sociedad para la Asistencia Legal*, abogada del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

La controversia principal hoy ante nuestra consideración es relativamente sencilla de exponer: al revocársele los beneficios de una sentencia suspendida a una persona —concedida dicha probatoria bajo las disposiciones de la Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. secs. 1026–1029)— debido a la comisión y convicción de "nuevos" delitos, ¿viene el juez obligado a disponer que el "probando", nuevamente convicto, extinga en prisión todo el término de la sentencia que originalmente le fuera impuesta y suspendida, o, por el contrario, tiene discreción dicho magistrado para ordenar que se le "abone" a dicho término el "tiempo cumplido" en probatoria? Veamos.

I

Samuel Valentín Burgos, luego de ser convicto del delito de robo, y por varias infracciones a la Ley de Armas de Puerto Rico, fue sentenciado en 1983 a cumplir *"en probatoria"* unas sentencias —que totalizaron el término de quince (15) años— por la Sala de Carolina del Tribunal

248

Superior de Puerto Rico.([1]) Vigente el período probatorio antes mencionado, Valentín Burgos fue acusado, y convicto, ante el mismo tribunal de "nuevos" delitos, similares a los originalmente por él cometidos. Por estos "nuevos" delitos, Valentín Burgos fue sentenciado a ocho (8) años de prisión, a ser cumplidos los mismos *en forma consecutiva* con las sentencias originales de quince (15) años de prisión; siéndole, *naturalmente*, revocada la "probatoria" que disfrutaba mediante resolución a esos efectos de fecha 16 de mayo de 1986.([2])

Transcurrido un período de tres (3) años, Valentín Burgos acudió ante el tribunal de instancia —*por derecho propio*— en solicitud de que dicho foro dispusiera que se le "abonara", a las sentencias originales de quince (15) años, el período de tiempo que él estuvo en probatoria. Luego de la celebración de una vista, y cambiando su posición original, el tribunal de instancia dispuso que se le debía acreditar "al señor convicto todo el tiempo que cumplió en probatoria al momento de revocarse la misma". Petición de *certiorari*, pág. 3. Conforme surge de la "minuta" que recoge los procedimientos acaecidos en dicho día ante el tribunal de instancia,([3]) dicho dictamen estuvo predicado en el hecho de que la "intención del Tribunal, *siempre*, fue la de convalidar el tiempo cumplido en probatoria" por Valentín Burgos. (Énfasis suplido.) *Exhibit* I, pág. 1. Merece que se enfatice el hecho de que el magistrado que así resolvió —Hon. Ángel D. Martínez Del Valle, Juez— fue el mismo que sentenció, por *segunda* ocasión, a Valentín Burgos en el 1986, y quien le revocó la probatoria a éste.

Inconforme, el Procurador General de Puerto Rico acudió —vía *certiorari*— ante este Tribunal en revisión de la referida determinación, imputándole al foro de instancia

---

([1]) Hon. Ángel Francisco Rossy, Juez.

([2]) Hon. Ángel D. Martínez del Valle, Juez.

([3]) Minuta correspondiente al 13 de septiembre de 1990.

haber errado al así decidir.([4]) Mediante Resolución mayoritaria, de fecha 14 de diciembre de 1990, este Tribunal *denegó* el recurso radicado por el Procurador General de Puerto Rico.([5]) Radicada por éste una moción de reconsideración, y a los fines de evaluar la misma, mediante Resolución de fecha 25 de enero de 1991 le concedimos término a la Sociedad para Asistencia Legal, abogada del recurrido Valentín Burgos, "para que se [expresara] sobre la misma". Dicha parte compareció en cumplimiento de la mencionada orden. *Resolvemos.*

## II

Sostiene el Procurador General, *como principal argumento*, que cuando a un convicto de delito le es concedido el beneficio de la "probatoria" que provee la Ley Núm. 259, ante, conocida como la Ley de Sentencia Suspendida, éste *no* tiene derecho, al serle revocado dicho privilegio, a que se le "abone" a la sentencia que tendrá que cumplir el término de tiempo que estuvo en probatoria; *ello, conforme expone el Procurador, por la sencilla razón de que la citada Ley Núm. 259 no provee para ello.* Aduce, en adición, el Procurador General que las disposiciones de ley que sí permiten que el tribunal conceda dicho "abono", son disposiciones —producto las mismas de la Ley Núm. 19 de 12 de mayo de 1914 (34 L.P.R.A. secs. 1030–1031)— *únicamente aplicables a la situación de convicción, por delito menos grave, de personas menores de dieciséis (16) años o personas mayores de sesenta (60) años.*

Por otro lado, sostiene el Procurador —como argumento

---

([4]) Señalamiento de error:

"Erró el Honorable Tribunal de Instancia al rebajar la sentencia del acusado-recurrido mediante el abono del período de tiempo que éste estuvo en libertad a prueba." Petición de *certiorari*, pág. 3.

([5]) En la Resolución emitida se hizo constar que el entonces Juez Asociado Señor Andréu García "expediría". El entonces Juez Presidente, Señor Pons Núñez, "no intervino".

adicional en solicitud de la revocación de la actuación del foro de instancia— que en el presente caso el tribunal de instancia erró por cuanto su actuación equivale, o constituyó, una "rebaja de sentencia", para lo cual no tenía autoridad bajo las disposiciones de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

### III

■ Al Procurador General, no hay duda, le asiste la razón en su planteamiento de que las secs. 1030–1031 del Título 34 de las Leyes de Puerto Rico Anotadas —disposiciones que, de manera específica y expresa, establecen que la persona a quien se le revoque una probatoria "deberá cumplir toda la sentencia o la parte de ella que no haya aún cumplido" (34 L.P.R.A. sec. 1031)— corresponden, o se refieren, a la *situación específica* de personas menores de dieciséis (16) años o mayores de sesenta (60) años de edad que hayan sido convictas de delitos menos graves;[6] disposiciones legales que entraron en vigor mediante la aprobación de la Ley Núm. 19, ante.

¿Significa ello que cuando a una persona le es concedido por un tribunal el beneficio de una sentencia suspendida,

---

[6] Las referidas disposiciones legales establecen, en lo pertinente, que:

"*Sec. 1030. Sentencia suspendida en causas por delitos menos graves cuando el acusado es menor de 16 ó mayor de 60 años*

"Los jueces, en el momento de dictar sentencia, podrán suspender la ejecución de aquellas sentencias que impusieren *en causas de delito menos grave cuando el acusado sea menor de dieciséis (16) años o mayor de sesenta (60),* siempre que el acusado no haya sido anteriormente convicto de ningún delito." (Énfasis suplido.)

"*Sec. 1031. Condiciones; convicción de un nuevo delito*

"Durante el término de cualquier sentencia que haya sido suspendida, el acusado quedará sujeto a la autoridad del tribunal en que se impuso la sentencia, y el juez de dicho tribunal tendrá facultades para prescribir las condiciones para la suspensión de la sentencia, *y, cuando esté convencido de la mala conducta del acusado, ordenar su arresto por el tiempo que falta para terminar su sentencia.*

"Cuando una persona, *la ejecución de cuya sentencia haya sido suspendida por virtud de las disposiciones de la sec. 1030 de este título,* sea convicta posteriormente de un nuevo delito, la suspensión de la primera sentencia será nula, *y dicha persona deberá cumplir toda la sentencia o la parte de ella que no haya aún cumplido,* además de la sentencia que se le impusiere al ser declarada convicta por segunda vez." (Énfasis suplido.) 34 L.P.R.A. sec. 1031.

*al amparo de la Ley de Sentencia Suspendida,*([7]) el tribunal, al revocar la probatoria por razón de convicción de nuevo delito, *no* tiene facultad o discreción para ordenar que se le acredite a ésta el término de tiempo que el convicto "cumplió" en probatoria? Distinto al Procurador General, *somos del criterio que el tribunal sí tiene esa facultad o discreción.* Veamos por qué.

 La disposición legal pertinente, correspondiente a la Ley de Sentencia Suspendida, lo es el Art. 4 de la antes citada Ley Núm. 259, 34 L.P.R.A. sec. 1029.

> *Sec. 1029. Revocación de la libertad a prueba; informes sobre conducta*
>
> El tribunal sentenciador *podrá* en cualquier momento en que a su juicio la libertad a prueba de una persona fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente, *revocar* dicha libertad y *ordenar la reclusión* de la persona *por el período de tiempo completo señalado en la sentencia* cuya ejecución suspendió para ordenar la libertad a prueba, *sin abonarle a dicha persona el período de tiempo que estuvo en libertad a prueba.* El tribunal sentenciador podrá en cualquier momento solicitar de la Administración de Corrección un informe periódico de la conducta de la persona puesta a prueba. (Énfasis suplido.)

Aceptamos que, *de primera instancia,* dicha disposición legal *parece* disponer que al revocarse la probatoria el tribunal no puede abonarle al convicto el período de tiempo que éste estuvo en probatoria. *Ahora bien,* y como consecuencia de la máxima a los efectos de que "el que puede lo más, puede lo menos", *otra posible interpretación—* producto de la utilización del término "podrá"— *de dicha disposición legal es que el tribunal podrá o no hacerlo a su discreción.*

 ¿Por qué nos inclinamos a favorecer esta segunda posible interpretación del estatuto? La contestación la hallamos en nuestra jurisprudencia. En primer lugar,

---

([7]) Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. secs. 1026–1029).

este Tribunal reiteradamente ha expresado que las leyes, con propósitos remediales, deben ser interpretadas liberalmente, y en específico, ha resuelto que los estatutos de naturaleza penal deben ser interpretados restrictivamente, en cuanto afecten al acusado, y liberalmente en cuanto a lo que lo favorece, siempre que ello lo permita el lenguaje de la ley. *Pueblo v. Rodríguez Jiménez*, 128 D.P.R. 114 (1991); *Pueblo v. Arandes de Celis*, 120 D.P.R. 530, 538 (1988). Por otro lado, y en cuanto a la interpretación de leyes distintas, sobre la misma materia, hemos resuelto que éstas deben ser interpretadas de manera integral, teniendo presente que todas forman parte de un "todo", coherente y armonioso. *J.R.T. v. A.E.E.*, 133 D.P.R. 1 (1993).

En específico, en cuanto a la situación en que una ley rehabilitadora puede ser objeto de una de dos acepciones, este Tribunal —en *Martínez Reyes v. Tribunal Superior*, 104 D.P.R. 407, 410–411 (1975)— ha expresado que:

> No se viola la regla de construcción estricta dándole al lenguaje del estatuto su significado pleno, la más amplia de dos acepciones, como prefiriendo la noción o sentido popular al angosto tecnicismo. *United States* v. *Hartwell*, 6 Wall. 385, 18 L.Ed. 830. La ambigüedad respecto al ámbito de los estatutos penales debe resolverse en favor del acusado. *Rewis* v. *United States*, 401 U.S. 808; 28 L.Ed.2d 493; *United States* v. *Bass*, 404 U.S. 336; 30 L.Ed.2d 488. Las leyes remediales deben interpretarse con liberalidad y amplitud para lograr sus propósitos. *Peyton* v. *Rowe*, 391 U.S. 54, 65 (1968); 20 L.Ed.2d 426.

Por otro lado, resulta procedente y pertinente recordar las expresiones de este Tribunal en *Pueblo v. Vega Pérez*, 125 D.P.R. 188, 201 (1990),[8] a los efectos de que

> ... de una lectura integral de las disposiciones de la Ley de Sentencias Suspendidas se desprende, con meridiana claridad, *que la discreción es parte o eje vital del esquema teórico de la misma.* La razón es sencilla: para lograr los objetivos de este sistema resulta indispensable *que los jueces de instancia ten-*

---

[8] 90 J.T.S. 10.

*gan una gran flexibilidad, o discreción, en la administración de la misma.* El logro del objetivo de la rehabilitación del convicto que persigue este sistema depende en gran medida de *la facultad del juez de poder individualizar cada caso,* imponiendo las condiciones pertinentes y necesarias que en su opinión la situación particular ante su consideración requiere y amerita. (Énfasis en el original.)

*Pero hay más.* Para llegar a la conclusión de que un tribunal tiene facultad, o discreción, para —al revocar una probatoria concedida bajo la citada Ley Núm. 259— ordenar que se le acredite a la persona el término de tiempo que éste cumplió en probatoria, *no tenemos que descansar exclusivamente en principios de interpretación estatutaria.* Este Tribunal así, *específicamente,* lo ha resuelto.

En *Martínez Torres v. Amaro Pérez,* 116 D.P.R. 717, 721–722 (1985), este Tribunal, por voz del Juez Asociado Señor Negrón García *y equiparando las disposiciones de la Ley Núm. 259, ante, con las de la Ley Núm. 19, ante,* expresó, en lo pertinente que:

Por mandato de ley, el esquema de justicia criminal vigente provee un mecanismo de libertad a prueba a ser administrado por nuestros tribunales, conocido como sentencia suspendida, libertad a prueba o probatoria. 34 L.P.R.A. sec. 1026 *et seq.* El mismo establece bajo qué delitos y requisitos un tribunal puede conceder este beneficio. 34 L.P.R.A. sec. 1027. En síntesis, el convicto beneficiado cumple su sentencia en libertad sin ser ingresado en una institución penal, sujeto a las condiciones que imponga el tribunal y a su custodia legal hasta la expiración del período fijado en su sentencia. 34 L.P.R.A. secs. 1027 y 1031. *Pueblo v. Román Santiago,* 109 D.P.R. 485, 490 (1980). El tribunal sentenciador puede revocar la libertad que disfruta el convicto en cualquier momento, si "fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación". 34 L.P.R.A. sec. 1029. La convicción posterior por un nuevo delito implica "pérdida automática" de los beneficios de la sentencia suspendida. 34 L.P.R.A. sec. 1031. *Al revocar, el tribunal sentenciador puede ordenar la reclusión del probando por el tiempo completo original de la sentencia o su remanente.* 34 L.P.R.A. secs. 1029 y 1031. (Énfasis suplido.) *Martínez Torres v. Amaro Pérez,* ante, págs. 721–722.

Como podemos notar, el Tribunal, en el citado caso de
*Martínez Reyes v. Tribunal Superior*, ante, claramente
*equiparó e interpretó en conjunto* —y como un "todo", cohe-
rente y armonioso— las disposiciones de las Leyes Núms.
19 y 259 *y determinó* que el tribunal de instancia, al revo-
car una probatoria, *puede ordenar* que la persona cumpla
con el término total de la sentencia originalmente im-
puesta en probatoria, *como también puede ordenar*, en su
discreción, que se le abone a éste el tiempo que "cumplió"
en probatoria; *interpretación que, por entender correcta y
procedente en derecho, hoy ratificamos.*

Lo expuesto, *naturalmente*, dispone del primer señala-
miento del Procurador General de Puerto Rico. Examine-
mos el segundo de ellos.

## III

Aduce, en adición, el Procurador General que la actua-
ción del foro de instancia —al ordenar el abono o crédito
antes mencionado— violenta las disposiciones de la Regla
185 de Procedimiento Criminal, ante, la cual establece que:

> (a) *Sentencia ilegal; redacción de la sentencia.* El tribunal
> sentenciador podrá corregir una sentencia ilegal en cualquier
> momento. Asimismo podrá, por causa justificada y en bien de la
> justicia, rebajar una sentencia dentro de los noventa (90) días
> de haber sido dictada, siempre que la misma no estuviere pen-
> diente en apelación, o dentro de los sesenta (60) días después de
> haberse recibido el mandato confirmando la sentencia o deses-
> timando la apelación de haberse recibido una orden denegando
> una solicitud de *certiorari.*
> (b) *Errores de forma.* Errores de forma en las sentencias, órde-
> nes u otros documentos de los autos, y errores en el expediente
> que surjan por inadvertencia u omisión podrán corregirse por el
> tribunal en cualquier momento, y luego de notificarse a las par-
> tes, si el tribunal estimare necesaria dicha notificación.

*No tiene razón.* El planteamiento erróneo del Procura-
dor General se debe a que éste considera que es de aplica-
ción a la situación la transcrita Regla 185, lo cual es

incorrecto. El tribunal de instancia, al ordenar que se le "abonara" al recurrido el tiempo que éste estuvo en probatoria, *no* estaba *ni* "corrigiendo" *ni* "rebajando" las sentencias de quince (15) años que le habían sido impuestas en el año 1983 al recurrido Valentín Burgos. Si ello así fuera, le asistiría la razón al Procurador; ello debido al hecho de que dicho foro no tenía jurisdicción para así hacerlo bajo las disposiciones de la citada Regla 185.

Lo que sí hizo el tribunal de instancia, al ordenar el "abono" mencionado, *fue reconsiderar la resolución mediante la cual dicho foro le revocó la probatoria al recurrido en el 1986.* Nos enfrentamos, en consecuencia, a una actuación judicial en relación con la cual se solicita reconsideración tres (3) años más tarde. *Esto es, hay que resolver si procede, en esta situación, la aplicación o no de la doctrina de "incuria" a la actuación del recurrido solicitando la reconsideración de la resolución revocatoria de la probatoria; solicitud de reconsideración para la cual las vigentes Reglas de Procedimiento Criminal no establecen término alguno.*

■ Como es sabido, la defensa de incuria se ha definido por este Tribunal "como dejadez o negligencia en el reclamo de un derecho, la cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad". *Aponte v. Srio. de Hacienda, E.L.A.*, 125 D.P.R. 610, 618 (1990). Esta doctrina de incuria o *laches* se basa en una doctrina de equidad del *common law* angloamericano. *Serrano v. Talavera*, 65 D.P.R. 438, 441 (1945).

■ La referida doctrina es de aplicación cuando *no* existe, *como en el presente caso*, término reglamentario o en ley para realizar determinada acción. En ausencia de término alguno, se ha aplicado el criterio de "término razonable". *Buena Vista Dairy, Inc. v. J.R.T.*, 94 D.P.R. 624 (1967); *Piovanetti Doumont v. Martínez*, 99 D.P.R. 663

(1971); *Saavedra v. Central Coloso, Inc.*, 85 D.P.R. 421 (1962). En *Torres Arzola v. Policía de P.R.*, 117 D.P.R. 204, 209 (1986) —citando a *Pueblo v. Tribunal Superior*, 81 D.P.R. 904, 912 (1960)— este Foro resumió la doctrina de incuria *haciendo énfasis en los elementos necesarios y los efectos de la misma.* Sobre el particular expresamos:

> ... Claro está, no basta el transcurso de un tiempo determinado para que exista lo que se denomina técnicamente incuria o *laches.* Es imprescindible que la conducta negligente del peticionario, al no promover con prontitud y diligencia la expedición del auto, haya causado una demora innecesaria e indebida que de hecho perjudica a las demás personas interesadas. *Adviértase que la teoría de laches envuelve dos elementos: (1) la dilación injustificada en la presentación del recurso; y (2) el perjuicio que ello pueda ocasionar a otras personas, según las circunstancias.* Además, hay que considerar el efecto que tendría la concesión o la denegación del auto sobre los intereses privados y sociales en presencia. Cuando la demora no perjudica a nadie o el perjuicio causado es leve, si se le compara con el daño que sufriría el peticionario o el público en caso de no librarse el auto, el lapso de tiempo transcurrido tiene que ser grande para que exista la incuria equitativa. En cambio, aunque la dilación sea relativamente corta, si resulta en detrimento para el interés público o los derechos individuales del acusado, procede denegar el auto a base de la doctrina de *laches. Sobre todo[,] es preciso tener en cuenta los méritos y demás circunstancias del caso específico, ya que la doctrina de incuria sigue vinculada a la idea fundamental de la equidad: se acude a la "razón" y a la "conciencia" para encontrar soluciones justas, apartándose del rigorismo intransigente de los términos fatales. Pueblo* v. *Tribunal Superior*, 81 D.P.R. 904, 912 (1960). (Énfasis suplido y en el original.) *Torres Arzola v. Policía de P.R.*, ante, pág. 209.

■■ Dicha norma fue reiterada en *Srio. D.A.C.O. v. Junta de Condómines C. Martí*, 121 D.P.R. 807, 822 (1988), donde expresamos que "[h]emos señalado anteriormente que ésta [doctrina de incuria] '*no* opera como un simple término prescriptivo en que el mero transcurso del tiempo es suficiente para impedir el ejercicio de la causa de acción. *Su aplicación requiere, además, del transcurso del tiempo, que se haya ocasionado un perjuicio al demandado o que se*

*le haya puesto en desventaja por razón del tiempo transcu-*
*rrido'* ". (Énfasis suplido.) Véanse, en adición: *Hernández*
*Agosto v. Romero Barceló*, 112 D.P.R. 407, 417 (1982);
*J.R.T. v. Martex Const. Co., Inc.*, 103 D.P.R. 135, 142
(1974); *Pueblo v. Tribl. Superior*, ante, pág. 915; *Alonso v.*
*Tribl. Examinador de Médicos*, 74 D.P.R. 158, 165 (1952);
*Jiménez v. Junta de Retiro*, 61 D.P.R. 171, 180 (1942).

Recientemente, este Tribunal resolvió en *Rivera v.*
*Depto. de Servicios Sociales*, 132 D.P.R. 240, 247 (1992),
que, en adición al transcurso del tiempo, se deben tomar en
cuenta otras circunstancias, "tales como la justificación, si
alguna, de la demora incurrida, el perjuicio que ésta acar-
rea y el efecto sobre intereses privados o públicos
involucrados". En dicho caso, y a pesar de que la parte
demandante dejó transcurrir el término de año y medio
para revisar una determinación administrativa, resolvi-
mos que ésta no había incurrido en incuria.

No hay duda que el recurrido Valentín Burgos dejó
transcurrir, en el presente caso, el término de tres (3) años
para solicitar la reconsideración de la resolución que le re-
vocó su probatoria; término que es uno relativamente
largo. *Ahora bien*, conforme lo resuelto en *Rivera v. Depto.*
*de Servicios Sociales,* ante, pág. 247, debemos examinar
las "circunstancias" que rodean este caso que hacen, o no,
meritorio el mismo, tales como "la justificación, si alguna,
de la demora incurrida, el perjuicio que ésta acarrea y el
efecto sobre intereses privados o públicos involucrados".
En otras palabras, ¿qué "perjuicio" sufre la "otra parte", o
en que "desventaja" se le ha puesto por razón del tiempo
transcurrido? *Torres Arzola v. Policía de P.R.*, ante; *Pueblo*
*v. Tribunal Superior*, ante; *Srio. D.A.C.O. v. Junta de Con-*
*dómines C. Martí*, ante.

En primer lugar, se trata de un convicto indigente a
quien persona alguna le advirtió sobre la posibilidad de
que el tribunal pudiera —en cumplimiento de lo expresado
y resuelto en *Martínez Torres v. Amaro Pérez*, ante— orde-

nar que se le "abonara" el tiempo cumplido en probatoria al ésta serle revocada. *Nótese que el convicto*, al comparecer tres (3) años más tarde en solicitud de dicho "abono", *comparece por derecho propio*. Se trata en fin, de una persona —desconocedora de las leyes de nuestro ordenamiento y de la jurisprudencia interpretativa de las mismas— a quien no se le advirtió de la posibilidad de un remedio al que podía tener derecho. Creemos que hay justificación, de su parte, para la demora.

Por otro lado, no creemos que en el presente caso la "posición legal" del Estado pueda haberse "perjudicado" mucho por el transcurso del término de tres (3) años. De hecho, el Procurador General —en su recurso— no aduce "perjuicio o desventaja" alguna debido a ello. Esto es, el Estado *no* nos ha puesto en condiciones —*desde ese punto de vista ni de cualquier otro*— de intervenir con, y revocar, la determinación del magistrado de instancia; el cual, después de todo, está en mejores condiciones que nosotros para evaluar la situación particular y quien, específicamente, hizo constar que conceder el "abono", *siempre*, había sido su intención.

Es cierto que el Estado, y la ciudadanía puertorriqueña, tienen la expectativa y el "derecho" de que las personas que cometen delitos contra la sociedad paguen por sus actos criminosos. No nos debemos olvidar, sin embargo, del hecho de que nuestro ordenamiento no sólo tiene el propósito de que los convictos de delitos paguen por sus crímenes, sino que persigue la rehabilitación del delincuente. Con ese propósito en mente fue que el juez de instancia, obviamente, actuó. El Estado no nos ha puesto en condiciones de intervenir con la discreción, a esos efectos, ejercitada en el presente asunto por dicho magistrado.

Por los fundamentos antes expresados, *se expide el auto de "certiorari" radicado y se dictará sentencia confirmatoria de la resolución recurrida.*

El Juez Asociado Señor Negrón García concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.