Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| LUIS E. PIÑERO VIÑALES<br>Recurrido<br><br>v.<br><br>MUNICIPIO DE CAROLINA<br>Recurrente | KLRA202400005 | Revisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.: 2009-04-0906<br><br>Sobre: Retención |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece el Municipio de Carolina (el Municipio o el Recurrente) y solicita la revocación de la *Resolución* emitida y notificada el 28 de agosto de 2023, por la Comisión Apelativa del Servicio Público (CASP o agencia recurrida). Mediante la *Resolución* recurrida, la CASP acreditó su jurisdicción para atender la Apelación presentada por el Sr. Luis E. Piñero Viñales (señor Piñero Avilés o el Recurrido), el 21 de abril de 2009, en la que este impugnó la determinación del Municipio de cesantearlo por incapacidad para realizar las funciones de su puesto como Policía Municipal.

### I

En lo pertinente al caso que nos ocupa, los hechos procesales probados ante la CASP establecieron que el 19 de junio de 1998, la Policía Municipal de Carolina inició una investigación en contra del Recurrido como consecuencia de su detención por la Policía de Puerto Rico. Posteriormente, el señor Piñero Viñales fue exonerado. Como corolario de ello, el Recurrido presentó el 21 de junio de 1999 una reclamación judicial por daños y perjuicios en contra del

Municipio y el Estado Libre Asociado (ELA) ante el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario), caso con designación alfanumérica F DP1999-0407. Cabe destacar que el señor Piñero Viñales prevaleció en su reclamación, por lo que el TPI notificó Sentencia a esos fines el **27 de diciembre de 2004**.

En el interín, el **3 de junio de 2003**, antes de emitirse la Sentencia en el caso F DP1999-0407, **el Municipio envió al Recurrido por correo certificado una carta de intención de cesantía fechada 30 de mayo de 2003, a la siguiente dirección: Calle Las Marías D-18, Villas de Justicia, Carolina PR 00985. En esta comunicación, el Municipio advirtió al Recurrido de su derecho a solicitar vista informal en el término de quince (15) días y le advirtió que en caso de no solicitar la vista informal podría apelar ante la extinta Junta de Apelaciones del Sistema de Administración de Personal (JASAP) en el término de treinta (30) días.**[1] Dicha carta fue devuelta debido a que no fue reclamada, a pesar de que el Servicio Postal de Estados Unidos (USPS, por sus siglas en inglés) dejó avisos el 4 y 10 de junio de 2003 en la dirección señalada.[2]

Tanto el expediente de personal del Recurrido en el Municipio como el expediente del Programa de Ayuda y Rehabilitación al Empleado (PARE) adscrito al Departamento de Recursos Humanos del Municipio, reflejan que dicha dirección le pertenecía o en algún momento le perteneció al señor Piñero Viñales.[3] Asimismo, **de la Sentencia emitida en el caso con designación alfanumérica F DP1999-0407 surge que el Recurrido pagaba la propiedad a la cual el Municipio le envió el 3 de junio de 2003 la carta de intención de cesantía.**[4]

---

[1] Véase Apéndice del Recurso de Revisión Judicial, páginas 181-185, 249-252, 291-294, 387-390.
[2] *Véase* páginas 184, 252, 294 y 390 del Apéndice del *Recurso de Revisión*.
[3] Véase *Resolución* de 12 de diciembre de 2023, página 13 del Apéndice.
[4] *Véase* página 224 del Apéndice del Recurso de Revisión Judicial.

Tres años más tarde, mediante carta de **10 de febrero de 2006**, recibida por el Municipio el 24 de febrero de ese año, el señor Piñero Viñales solicitó **por primera vez** que se le notificara la decisión sobre su estatus como empleado en la Policía Municipal, sin obtener respuesta.

Dos años después de la primera comunicación enviada por el Recurrido al Municipio, el **17 de marzo de 2008**, el señor Piñero Viñales le hizo un **segundo reclamo al Municipio** mediante misiva, la cual consta que fue recibida el 19 de marzo de ese año. En esta solicitó una reunión para conocer su posición con respecto a su estatus como empleado. Según surge del expediente, **en esa ocasión, el Recurrido tampoco obtuvo respuesta** del Municipio.

Finalmente, transcurrido un año, el **19 de marzo de 2009**, el señor Piñero Viñales se reunió con personal del Municipio y allí se le entregó personalmente la carta fechada 30 de mayo de 2003 -la cual fue enviada por correo certificado el 3 de junio de 2003 y devuelta por el correo- en la que el Municipio le comunicó al Recurrido la intención de cesantía por incapacidad para ejercer sus funciones como Policía Municipal.

En desacuerdo, el **21 de abril de 2009,** el señor Piñero Viñales presentó Apelación ante la actual CASP. Por su parte, el Municipio solicitó la desestimación de la Apelación por prescripción. Adujo el Municipio que el término jurisdiccional de treinta (30) días dispuesto en el inciso (a) de la Sección 1.2 del Reglamento Procesal de la Comisión Apelativa para apelar ante la CASP **venció el 3 de julio de 2003**. Razonó el Municipio que el 3 de junio de 2003 depositó en el correo la carta de intención de cesantía fechada 30 de mayo de 2003 dirigida al apelante a una dirección que le pertenecía o que en algún momento le perteneció, por lo que el término venció el 1 de julio de 2003. Por su parte, el Recurrido sostuvo que nunca le fue notificada la carta de intención de cesantía a su dirección

postal. Sobre estos extremos se celebró vista en su fondo el 28 y 29 de marzo de 2019 y el 23 de abril de 2019.

Mediante *Resolución* emitida y notificada el 28 de agosto de 2023, la CASP acreditó su jurisdicción para atender en sus méritos la Apelación presentada por el señor Piñero Viñales por considerarla oportuna. Concluyó la CASP que el término de treinta (30) días para apelar comenzó a decursar el 19 de marzo de 2009, fecha en que el señor Piñero Viñales se reunió con personal del Municipio. Razonó la CASP que fue en esa fecha que el Recurrido advino en conocimiento de la carta de intención de cesantía por incapacidad para ejercer sus funciones como Policía Municipal, la cual tenía fecha de 30 de mayo de 2003. En desacuerdo, el Municipio solicitó reconsideración y, mediante Resolución emitida y notificada el 12 de diciembre de 2023, la CASP declaró No Ha Lugar la solicitud de Reconsideración presentada.

Inconforme, el Municipio compareció ante nosotros mediante Recurso de Revisión Judicial. En ajustada síntesis, el Municipio señaló que **incidió la CASP al resolver que el término jurisdiccional para apelar ante dicho organismo comenzó a decursar el 19 de marzo de 2009 y al concluir que la apelación presentada por el recurrido el 21 de abril de 2009 fue oportuna, por lo que no medió incuria por parte del señor Piñero Viñales.** Razona el Municipio, que el aludido término jurisdiccional para acudir ante la CASP comenzó a transcurrir desde que el Recurrido hizo los primeros reclamos el 10 de febrero de 2006 y el 17 de marzo de 2008. Por tanto, el Recurrido acudió ante la CASP expirado dicho término jurisdiccional.

Además, en su Recurso de Revisión Judicial arguyó el Municipio que incidió la CASP al concluir que <u>ante la falta de notificación adecuada de la carta de intención de cesantía **no medió incuria** por parte del señor Piñero Viñales</u>. Al respecto, expuso

además que **hay incuria por parte del señor Piñero Viñales,** ya que éste instó su primer reclamo escrito a la Recurrente el 10 de febrero de 2006, casi un año y cuarenta y cinco días después de la notificación de la Sentencia del caso Civil Núm. F DP1999-0407 el 27 de diciembre de 2004. Cónsono con lo antes expuesto, quedó establecido que **no es hasta el 21 de abril de 2009 que el Recurrido presentó la apelación ante la CASP**.

El señor Piñero Viñales compareció ante nosotros mediante *Alegato en Oposición.* En ajustada síntesis, sostuvo que la notificación a la que alude el Municipio no fue una notificación válida ni efectiva, por lo que no activó ningún término jurisdiccional para apelar ante la CASP. De igual forma, en esa ocasión, el señor Piñero Viñales argumentó que quedó establecido que el Recurrido obtuvo conocimiento de la intención de la carta de cesantía el 19 de marzo de 2009, por lo que fue a partir de dicha notificación que comenzó a transcurrir el término jurisdiccional de treinta (30) días para apelar ante la CASP. **En lo referente al señalamiento del Municipio sobre la aplicación de la doctrina de incuria y a la tardanza del recurrido en presentar su reclamo**, el señor Piñero Viñales sostuvo que fueron los actos propios del Municipio los causantes de la demora imputada al Recurrido por lo que tampoco incidió la CASP al negarse a aplicar la doctrina de incuria.

Mediante Sentencia emitida el 19 de abril de 2024 confirmamos la *Resolución* emitida y notificada el 28 de agosto de 2023 por la CASP en la que la agencia recurrida acreditó su jurisdicción para atender la Apelación presentada por el señor Piñero Avilés el 21 de abril de 2009, fecha en que el Recurrido impugnó la determinación del Municipio de cesantearlo por incapacidad para realizar las funciones de su puesto como Policía Municipal.

En nuestra Sentencia de 19 de abril de 2024, razonamos que el aludido término jurisdiccional de treinta días comenzó a decursar el **19 de marzo de 2009**, fecha en que el Recurrido sostuvo que advino en conocimiento de la intención del Municipio de cesantearlo. Así las cosas, en esa ocasión concluimos que la Apelación presentada por el Recurrido ante la CASP **el 21 de abril de 2009**, fue oportuna; que no incidió la agencia recurrida al declararse con jurisdicción para atenderla y que el señor Piñero Viñales no incurrió en incuria al apelar la determinación del Municipio de cesantearlo.

No obstante, el **3 de mayo de 2024**, el Municipio presentó *Moción de Reconsideración* en la que expresa estar inconforme con la Sentencia emitida. Entre otros argumentos, sostiene el Municipio que incidió la CASP al concluir que el Recurrido no incurrió en incuria y al resolver que este presentó la Apelación oportunamente.

En respuesta, el Recurrido compareció el **16 de mayo de 2016** mediante escrito intitulado *Moción en Oposición a la Reconsideración Presentada por la Parte Apelada*. Reitera el señor Piñero Viñales que el Municipio está impedido de levantar la aplicabilidad la doctrina de incuria toda vez que la aludida demora en presentar la Apelación ante la CASP obedeció a los actos propios del Municipio.

Mediante *Resolución* emitida el 20 de junio de 2024, notificada al día siguiente, la Mayoría del Panel declaró Ha Lugar la *Moción de Reconsideración* presentada por el Municipio.

**II**

La doctrina de incuria consiste en la "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad." *Molini Gronau v. Corp. PR Dif. Pub.*, 179 DPR 674, 687 (2010). La aplicación de esta doctrina requiere de un análisis sosegado de los

hechos y circunstancias particulares de cada caso. *Pérez, Pellot v. J.A.S.A.P.*, 139 DPR 588 (1995).

En esencia, esta doctrina tiene como fin evitar premiar a una parte que se cruza de brazos aun conociendo sobre la existencia de su derecho si con ello se causa un perjuicio a la otra parte o se lesionan importantes intereses públicos o privados. *P.I.P. v. E.L.A. et al.*, 186 DPR 1, 13 (2012). La doctrina de incuria no opera automáticamente por el mero transcurso del tiempo. *Íd*

Por consiguiente, debe considerarse si existe alguna justificación para la demora, el perjuicio que ocasionó el atraso y el efecto causado sobre los intereses públicos y privados envueltos. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Sin embargo, "la incuria aplica cuando no existe un término reglamentario o en ley para realizar determinada acción, pero también se ha aplicado cuando existe un término que no se notificó debidamente", y [d]e esa forma, ante la ausencia de un término reglamentario, se ha aplicado el criterio de 'termino razonable'." *Consejo de Titulares v. Ramos Vázquez*, 186 DPR 311, 341 (2012), que cita a *Pueblo v. Valentín*, 135 DPR 245 (1994) y a *Buena Vista Dairy, Inc. v. J.R.T.*, 94 DPR 624 (1967)).

**III**

Es la contención del Recurrido que fue el **19 de marzo de 2009 que** advino en conocimiento de la carta de intención de cesantía enviada por el Municipio por correo certificado el 3 de junio de 2003, a la Calle Las Marías D-18, Villas de Justicia, Carolina PR, 00985. Consta que la aludida misiva fue devuelta por el servicio postal debido a que no fue reclamada. Argumenta el señor Piñero Viñales que presentó oportunamente la Apelación ante la agencia recurrida el 21 de abril de 2009, ya que los treinta días jurisdiccionales comenzaban a transcurrir el 19 de marzo de 2009. Por tanto, alude que no incidió la CASP al descartar la doctrina de

incuria y declararse con jurisdicción para atender su reclamo en contra del Municipio.

El Art. 13, Sec. 13.13 (1) de la Ley Núm. 184-2004, según enmendada, 3 LPRA sec. 1468l (1) creó la Comisión Apelativa del Sistema de Administración de los Recursos Humanos (CASARH), hoy CASP.[5] Asimismo, el Art. 13, Sec. 13.14 (1) de la Ley Núm. 184-2004 3 LPRA sec. 1468m (1), dispuso para presentar apelación ante dicho organismo administrativo el Recurrido contaba con el término jurisdiccional de 30 días contados a partir de la fecha de la notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita o desde que advino en conocimiento de la acción o decisión por otros medios.

De otra parte, el inciso (4) de la Sec.13.14 de la Ley Núm. 184-2004, 3 LPRA sec. 1468m (4) estableció específicamente que de no existir comunicación escrita, **cuando la parte afectada hubiera hecho un planteamiento o reclamo a la Autoridad Nominadora y <u>no hubiese recibido respuesta alguna en los siguientes 60 días desde que cursó la misiva</u>**, la parte afectada tendría un término jurisdiccional de 30 días contados a partir del vencimiento del término de 60 días para presentar una Apelación ante la CASP.

En el caso ante nuestra consideración es un hecho adjudicado que el Municipio notificó inadecuadamente al señor Piñero Viñales una carta de intención de cesantía con fecha de 30 de mayo de 2003 por lo que su envío resultó inoficioso. Dicha notificación de cesantía de 30 de mayo de 2003 cursada por parte del Municipio el **3 de junio de 2003** al Recurrido fue inadecuada toda vez la correspondencia fue devuelta.

---

[5] El Art. 13 de la Ley Núm. 184-2004 fue derogado por el Plan de Reorganización de la CASP (Plan 2-2020), aprobado el 26 de julio de 2010, el cual a su vez no entró en vigor inmediatamente. *Véase* Art. 33 del Plan 2-2010. La derogación fue posterior a los hechos del caso que nos ocupa.

No obstante, el **10 de febrero de 2006**, el señor Piñero Viñales envió carta al Municipio en la que solicitó conocer su estatus como empleado. Al no recibir respuesta dentro de los siguientes sesenta (60) días, comenzó a transcurrir el aludido término jurisdiccional de treinta (30) días para presentar su Apelación. Por tanto, la misma debió haber sido presentada en o antes del 25 de mayo de 2006. Sin embargo, **aproximadamente dos años después de esa fecha**, el **17 de marzo de 2008**, el señor Piñero Viñales envió una segunda carta al Municipio que tampoco fue contestada.

Así las cosas, no fue hasta el **21 de abril de 2009,** que el señor Piñero Viñales presentó la apelación ante la CASP, luego de haberse reunido con personal del Municipio el 19 de abril de ese año. Para esa fecha **21 de abril de 2009** habían transcurrido alrededor de tres años desde que el Recurrido cursó al Municipio su primera misiva el 10 de febrero de 2006, en la que indagó sobre su estatus como empleado, sin obtener respuesta alguna. En conformidad con lo anterior, tenía el Recurrido hasta el 25 de mayo de 2006 para presentar la Apelación sobre el reclamo realizado a la Autoridad Nominadora.

Ante este escenario concluimos que **al esperar hasta el 21 de abril de 2009 para presentar la apelación ante la agencia recurrida,** el señor Piñero Viñales **incurrió en incuria, toda vez que se cruzó de brazos y dejó pasar el tiempo en exceso sin acudir ante la CASP** sin que existiera justificación alguna para la demora en presentar su reclamo ante la agencia recurrida. **Esperar tres años para apelar ante la CASP luego de no obtener respuesta en el año 2006 no constituye un** termino razonable luego de expirado el término establecido en el inciso (4) de la Sec.13.14 de la Ley Núm. 184-2004, 3 LPRA sec. 1468m (4).

**Conforme a los hechos probados y a la normativa anteriormente expuesta, la Mayoría de este Panel reconsidera la**

**Sentencia emitida** 19 de abril de 2024 en la que habíamos confirmado la *Resolución* emitida y notificada por la CASP el 28 de agosto de 2023. Cónsono con lo anterior concluimos que incidió la CASP al declarase con jurisdicción para atender la Apelación presentada por el señor Piñero Viñales ante la agencia recurrida.

**IV**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta sentencia en reconsideración, revocamos la *Resolución* recurrida.

El Juez Candelaria Rosa no reconsideraría.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones