ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| RYAN PATRICK COYNE<br><br>APELADO<br><br>V.<br><br>ALBA GISELLE REYES SANTOS<br><br>APELANTE | KLAN202500255 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Sala: 801<br><br>Caso Núm. SJ2024CV08432<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece la señora Alba Giselle Reyes Santos (la señora Reyes Santos o la apelante) mediante una *Petición de Apelación.* Nos solicita la revisión de la *Sentencia Parcial* emitida el 16 de enero de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (foro primario). En virtud de este dictamen, el foro primario desestimó la acción legal en daños y perjuicios e interdicto preliminar instada por el señor Ryan Patrick Coyne (el señor Coyne o el apelado). No obstante, denegó la desestimación solicitada por la apelante respecto al pleito de derecho a la intimidad y el interdicto permanente.

Por los fundamentos expuestos a continuación, **confirmamos** la desestimación del reclamo sobre daños y perjuicios y el interdicto preliminar. No obstante, **revocamos** el resto del dictamen a los fines de desestimar la demanda en su totalidad.

**I.**

El 12 de septiembre de 2024, el señor Coyne instó una *Demanda* por alegada violación a su derecho a la intimidad y daños y perjuicios en

contra de la señora Reyes Santos.[1] En síntesis, relató que en el mes de agosto o septiembre de 2021, ambos sostuvieron una discusión íntima en torno a su relación de pareja. Aseveró que la demandada le comunicó la existencia de una grabación capturada sin su consentimiento sobre la discusión referida. En vista de ello, solicitó las siguientes sumas: (1) $250,000.00 por la alegada violación su derecho constitucional, (2) $249,000.00 en concepto de daños punitivos, más las correspondientes (3) cuantías en costas, gastos y honorarios de abogados. Peticionó, además, la destrucción de la referida grabación.

En respuesta, el 27 de noviembre de 2024, la señora Reyes Santos solicitó *Desestimación por Prescripción* y sometió la copia del correo electrónico remitido al demandante sobre la grabación en cuestión.[2] Adujo que el 21 de diciembre de 2021 este advino en conocimiento de la existencia de esa grabación. Por tanto, indicó que desde ese momento empezó a transcurrir el término prescriptivo de un (1) año para instar la reclamación en daños y perjuicios. Por último, sobre la grabación, manifestó que esta recoge una comunicación vertida por el señor Coyne en la que expresó palabras soeces y ofensivas hacia ella. Aseveró el contenido grabado refleja la situación de violencia domestica que experimentó en la cual no existe el derecho a la intimidad.

Ante tales argumentos, el 30 de diciembre de 2024, el señor Coyne radicó una *Demanda Enmendada* para incluir una petición de interdicto preliminar y permanente.[3] Alegó que la señora Reyes Santos incurrió en una actuación culposa o negligente al grabar la discusión sin su consentimiento. Advirtió que esta pretende utilizar dicha grabación para chantajear, extorsionar y lacerar su buen nombre. En aras de obtener el remedio peticionado, argumentó que la divulgación a terceros de dicha grabación causaría serios daños irreparables y constituiría una violación a su derecho constitucional a la intimidad.

---

[1] Apéndice de la parte apelante, págs. 1-8.
[2] Apéndice de la parte apelante, págs. 26-33.
[3] Apéndice de la parte apelante, págs. 41-48.

Ese día, también, el demandante presentó su *Oposición a la Desestimación por Prescripción*.[4] En esencia, sostuvo que a raíz de la radicación de la *Demanda Enmendada* sobre remedios interdictales la controversia de prescripción se tornó académica. Razonó que en efecto el tribunal está privado atender la solicitud desestimatoria de la demandada.

Por su parte, el 15 de enero de 2025, la señora Reyes Santos presentó su *Oposición Demandada Enmendada y Reiterando Desestimación por Prescripción y al Amparo de la Regla 10.2 de Procedimiento Civil*. [5] En virtud del Artículo 678 del Código de Enjuiciamiento Judicial, expresó que la concesión del interdicto está prohibida para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico. Reiteró que los daños alegados resultan especulativos, por lo que, la reclamación es temeraria y se encuentra prescrita. A su vez, señaló que el demandante no presenta manos limpias para instar la acción legal. En esa línea, puntualizó que corresponde aplicar la doctrina de incuria, pues su falta de diligencia en instar el reclamo derrota el elemento de urgencia exigido para el remedio que solicita. Por último, sostuvo que la grabación constituye evidencia de una conducta constitutiva de un patrón de violencia doméstica que aún experimenta.

Luego de examinar los argumentos de las partes, el 16 de enero de 2025, el foro primario emitió *Sentencia Parcial*, notificada al día siguiente en la que dispuso el siguiente pronunciamiento judicial:

> **Si se toman por ciertas las alegaciones bien formuladas, no hay duda de que la grabación alegadamente ilegal, se realizó en "agosto o septiembre de 2021". Tampoco, que la demanda se radicó el 12 de septiembre de 2024. En ese sentido, la parte demandante no negó ni cuestionó el hecho de que al menos el 23 de diciembre de 2021, se enteró que la grabación se había realizado. Adviértase, que la parte demandada acompañó a su solicitar copia de un correo electrónico sosteniendo lo anterior y el Sr. Coyne no cuestionó su autenticidad y/o recibo. Más bien, radicó una demanda enmendada en la que repitió los hechos que dieron origen a su reclamo, y solo eliminó la causa de acción bajo los Arts. 1536 y 1538 del Código Civil. Sin embargo, se sostuvo en el reclamo de daños por la referida violación a su derecho a la intimidad que también estaría prescrita.**

---

[4] Apéndice de la parte apelante, págs.49-53.
[5] Apéndice de la parte apelante, págs. 54-61.

> **Por ende, independientemente pretendiese desistir del reclamo de daños y perjuicios por las acciones culposas y negligentes de la Sra. Reyes, procede desestimar el reclamo de daños por la alegada violación a su derecho a la intimidad.**
>
> **Ahora bien, lo anterior no es suficiente para desestimar la totalidad del reclamo del demandante. Esto, pues existe una petición de interdicto preliminar y permanente relacionada la tenencia y posible publicación del contenido de la grabación.**
>
> **Si tomamos como ciertas las alegaciones de hechos bien formuladas, la parte demandante alega que la Sra. Reyes en el 2021 realizó una grabación de audio de una discusión entre ellos, sin su consentimiento y en un lugar donde albergaba una expectativa de intimidad. Alega, además, que dicha actuación viola su derecho a la intimidad y teme que se haga público su contenido. No obstante, esto no es suficiente para expedir un interdicto preliminar.**
>
> **En primer lugar, en la demanda enmendada no existen alegaciones de que a pesar de que la grabación se realizó en el 2021, se haya amenazado con su publicación o se haya entregado a terceros. Además, no hay alegaciones específicas de hecho sobre el contenido de la grabación para poder determinar que su publicación efectivamente afecte la imagen o dignidad del Sr. Coyne. La parte demandante tampoco fue diligente en recurrir a pedir el remedio y esperó prácticamente cuatro años para solicitar el interdicto; lo que derrota la alegación de urgencia del remedio.**
>
> **Así las cosas, las alegaciones no son suficientes para justificar la celebración de una vista y/o expedición de un interdicto preliminar**. (Énfasis nuestro)[6]

Sin embargo, resolvió que subsiste la causa de acción en torno al derecho a la intimidad para atender el asunto sobre la grabación y el manejo de su contenido.[7] Concluyó que si la grabación se obtuvo en un contexto en el cual se albergaba expectativa de intimidad, entonces procedería la concesión de un interdicto permanente.[8]

En desacuerdo, el 3 de febrero de 2025, la señora Reyes Santos solicitó *Reconsideración Parcial de Sentencia*.[9] Reiteró que no procede continuar el pleito de derecho a la intimidad para obtener el remedio del interdicto permanente. Sobre el contenido de la grabación, indicó lo siguiente:

> **La grabación a la que hace referencia la demanda es evidencia de violencia domestica por lo que no existe derecho alguno a la intimidad, en una comunicación constitutiva de un delito. Dicha evidencia es pertinente a los distintos procedimientos que existen entre las partes por concepto de custodia y relaciones paterno filiares. También dicha evidencia es pertinente para un caso de violencia doméstica, que aunque la**

---

[6] Apéndice de la parte apelante, págs. 83-84.
[7] Apéndice de la parte apelante, págs. 84-85.
[8] Apéndice de la parte apelante, pág. 84.
[9] Apéndice de la parte apelante, págs. 87-92.

**compareciente no ha querido perseguir dichas vías, tiene que conservar evidencia para defenderse de su expareja.**[10] (Énfasis nuestro).

Así detallado, sostuvo que el recurso peticionado constituye censura previa y demuestra que aún no cesa el patrón de violencia doméstica hacia esta. Explicó que en tales escenarios no puede concederse el remedio extraordinario solicitado para privarle de invocar cualquier derecho o ejercer la aplicación u observancia de cualquier ley o invocar cualquier derecho, según establece el Artículo 678 del Código de Enjuiciamiento Civil. Por ello, peticionó la desestimación de la totalidad de la Demanda Enmendada.

Por su parte, el 22 de febrero de 2025, el señor Coyne presentó su *Oposición a Reconsideración Parcial de Sentencia.*[11] Reconoció que la demandada le ha manifestado que no le interesa difundir la grabación y que su única intención es para fines judiciales. A base de ese razonamiento, plantea que "[n]o existe fundamento alguno para mantener abierta una reclamación en la que no hay intención manifiesta de uso o divulgación".[12] Expone que la actuación de obtener una grabación sin su consentimiento no solo transgrede su derecho la intimidad sino que constituye un delito tipificado en el Código Penal de Puerto Rico. Por lo que, solicitó la destrucción inmediata de la grabación y la prohibición de cualquier intento de divulgación.

Tras considerar las posiciones de las partes, el 24 de febrero de 2025, el foro primario dictó *Orden*, notificada al día siguiente, en la que declaró *No Ha Lugar* la reconsideración solicitada por la demandada.[13]

Inconforme, el 27 de marzo de 2025, la señora Reyes Santo recurrió ante nos mediante una *Petición de Apelación.* En su recurso presentó los siguientes señalamientos de error:

1. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO AL DETERMINAR QUE NO PROCEDE LA DESESTIMACIÓN DE INTERDICTO PERMANENTE A PESAR DE QUE LAS**

---

[10] Apéndice de la parte apelante, págs. 88.
[11] Apéndice de la parte apelante, págs. 94-98.
[12] Apéndice de la parte apelante, pág. 95.
[13] Apéndice de la parte apelante, pág. 99.

**ALEGACIONES NO AMERITAN LA CONCESIÓN DE UN REMEDIO Y MUCHO MENOS SATISFACE LOS ELEMENTOS DE UN INTERDICTO.**

2. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO AL DETERMINAR QUE NO PROCEDE LA DESESTIMACIÓN DE INTERDICTO PERMANTE A PESAR DE QUE LAS ALEGACIONES DE LA DEMANDA EVIDENCIAN CENSURA PREVIA PROSCRITA POR EL ORDENAMIENTO CONSTITUCIONAL.**

3. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO AL DETERMINAR QUE NO PROCEDE LA DESESTIMACIÓN DE INTERDICTO PERMANENTE A PESAR DE QUE LOS HECHOS ALEGADOS DENOTAN FALTA DE DILIGENCIA E INCURIA DE LA PARTE DEMANDANTE AL DEJAR DORMIR SU RECLAMO DURANTE 4 AÑOS.**

4. **ERRÓ EL TPI AL NO DESESTIMAR LA DEMANDADA A PESAR DEL DEMANDANTE SER UN NO RESIDENTE QUE NO HA PRESENTADO FIANZA**

El 31 de marzo de 2025, esta Curia emitió *Resolución* en la que ordenamos al señor Coyne a someter su posición. En cumplimento, el apelado radicó su *Oposición a Apelación* el 28 de abril de 2025.

**Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia que nos ocupa.**

**II.**

**A. Doctrina de incuria**

La doctrina anglosajona de incuria es conceptualizada como la "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad". *Alonso Piñero v. UNDARE, Inc.*, 199 DPR 32, 53 (2017); *Consejo Titulares v. Ramos Vázquez*, 186 DPR 311, 340 (2012). Véase, también, *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 236 (2014). Esta norma doctrinaria aplica cuando no existe un término reglamentario o en ley para realizar determinada acción. *Consejo Titulares v. Ramos Vázquez, supra,* pág. 342; *Pueblo v. Valentín*, 135 DPR 245, 256 (1994). Su fin es evitar premiar a una parte que se cruza de brazos aun conociendo sobre la

existencia de su derecho si con ello se causa perjuicio a la otra parte o se lesionan importantes intereses públicos o privado. *P.I.P. v. E.L.A. et al.*, 186 DPR 1, 13 (2012).

Esta doctrina procede de la máxima cuyo postulado establece que la equidad auxilia a quien se mantiene vigilante en el reclamo de sus derechos y no a quien se duerme sobre la corriente sin mostrar excusas razonables para ello. *Consejo Titulares v. Ramos Vázquez*, *supra*, págs. 340-341. Ahora bien, no opera automáticamente por el mero transcurso del tiempo. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1020 (2008). A esos efectos, el Tribunal Supremo de Puerto Rico ha delineado una serie de consideraciones para evaluar la aplicabilidad de la doctrina de incuria:

> Su aplicación dependerá de la situación específica que presente cada caso. Ello exige que en nuestro análisis consideremos los factores siguientes: primero, si existe alguna justificación para la demora; segundo, el perjuicio que esta acarrea, y tercero, el efecto sobre los intereses privados o públicos involucrados.45 La evaluación de estos factores es primordial al considerar resolver conforme a equidad. *Alonso Piñero v. UNDARE, Inc., supra*, pág. 54; *Consejo Titulares v. Ramos Vázquez, supra*, pág. 341.

Nótese que en estos casos debe evaluarse (1) la dilación injustificada en la presentación del recurso y (2) el perjuicio que ello pueda ocasionar a otras personas. *Consejo Titulares v. Ramos Vázquez*, *supra*, pág. 342; *Torres Arzola v. Policía de P.R.*, 117 DPR 204, 209 (1986). Además, deben considerarse los méritos y las circunstancias del caso, pues como se colige de lo expuesto, esta doctrina está vinculada a la idea fundamental de la equidad. Íd.

Por último, es menester discutir que en nuestra jurisdicción la doctrina de incuria es aplicable en relación con remedios extraordinarios tales como el injunction, mandamus y certiorari. *Molini Gronau v. Corp. P.R. Dif. Púb.,* 179 DPR 674, 687 (2010); *Aponte v. Srio. de Hacienda, E.L.A.*, 125 DPR 610, 618 (1990). Ante la interposición de un recurso de tal naturaleza y el levantamiento de esta defensa, corresponde ponderar los criterios previamente discutidos. Al aplicar esta doctrina se apela a la razón y a la conciencia frente a la necesidad de encontrar y proveer soluciones

justas. *Consejo Titulares v. Ramos Vázquez*, *supra*, pág. 342; *Torres Arzola v. Policía de P.R.*, *supra*, pág. 209.

**C. Injunction permanente**

El injunction es un remedio in *personam* dirigido a la parte demandada y no contra sus bienes ni contra la cuestión objeto del interdicto. *Díaz Vázquez et al. v. Colón Peña et al,* 2024 TSPR 113, 214 DPR ___ (2024). Constituye un recurso extraordinario procedente del sistema anglosajón —conocido también como el sistema de equidad— e incorporado a nuestro ordenamiento jurídico en virtud de legislación. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6.ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 5702, pág. 588.

Actualmente el Código de Enjuiciamiento Civil y la Regla 57 de Procedimiento Civil rigen los aspectos sustantivos y procesales del injunction. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 318-319 (2008). El Artículo 675 del Código de Enjuiciamiento Civil, 32 LPRA 3421, define el injunction de la siguiente manera:

> El injunction es un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra.

Este recurso se caracteriza por su perentoriedad dirigida a evitar la producción de un daño inminente o a restablecer el régimen de ley quebrantado por una conducta opresiva, ilegal o violenta. *Díaz Vázquez et al. v. Colón Peña et al, supra*; *Mun. de Loíza v. Sucns. Suárez et al.*, 154 DPR 333, 366 (2001). A esos fines, existen tres modalidades de este remedio: (1) el entredicho provisional, (2) el injunction preliminar y (3) el injunction permanente. *Next Step Medical v. Bromedicon et al.*,190 DPR 474, 486 (2014). En el presente caso nos limitaremos a abordar últimas categorías. Veamos.

Al decidir si expide un interdicto preliminar, el tribunal deberá evaluar los siguientes criterios fijados en la Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.3:

1. La naturaleza del daño a que está expuesto la parte peticionaria;
2. la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
3. la probabilidad de que la parte promovente prevalezca;
4. la probabilidad de que la causa se torne en académica;
5. el impacto sobre el interés público del remedio que se solicita, y
6. la diligencia y la buena fe con que ha obrado la parte peticionaria.

La expedición de este remedio descansa en la sana discreción judicial ejercida al ponderar las necesidades y los intereses de las partes involucradas en la controversia. *Mun. de Ponce v. Gobernador*, 136 DPR 776, 790-791 (2001). Ello, pues, el propósito fundamental del injunction preliminar o pendente lite es: (1) mantener el statu quo hasta que se celebre el juicio, (2) impedir que la situación se torne académica o (3) evitar que se ocasionen daños mayores mientras perdura el litigio. *VDE Corporation v. F & R Contractors*, 180 DPR 21, 41 (2010); *Rullán v. Fas Alzamora,* 166 DPR 742, 764 (2006).

En cambio, el interdicto permanente —concerniente a este recurso objeto de revisión judicial— amerita considerar los siguientes criterios: (1) si el demandante ha prevalecido en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado en ley; (3) el interés público involucrado, y (4) el balance de equidades. *Plaza Las Américas v. N & H*, 166 DPR 631, 644 (2005). Ahora bien, procede su concesión si la parte que lo solicita demuestra que no tiene ningún otro remedio en ley para evitar un daño. *Mun. de Loíza v. Sucns. De Suárez et al.*, 154 DPR 333, 367 (2001). Véase, también, *Senado de PR v. ELA*, 203 DPR 62, 72 (2019). En ese sentido, es un daño irreparable aquel que: (1) no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales disponibles, (2) no puede ser apreciado con certeza, (3) ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley. *Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 681 (1997).

Sobre este último requisito, recientemente el Tribunal Supremo de Puerto Rico emitió el siguiente pronunciamiento al discutir el interdicto permanente:

Intrínseca a la naturaleza del injunction es su necesidad como medio para prevenir perjuicios inminentes o daños irreparables. Este tipo de acción se dirige contra actos futuros que amenazan ser cometidos o que se anticipa que serán cometidos. Importantemente, hay que detectar si la acción connota o no un agravio de patente intensidad al derecho del individuo que reclame una reparación urgente. *Buxó Santiago v. ELA et als.*, 2024 TSPR 130, 215 DPR __ (2024).

No obstante, la solicitud de este remedio interdictal debe fundamentarse en razones jurídicas adecuadas. Por tal motivo, el Artículo 678 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3424, establece que no podrá concederse el interdicto en los siguientes contextos:

(1) **Para suspender un procedimiento judicial que se estuviere tramitando al instituirse la acción en que se solicita el injunction, a menos que la restricción fuere necesaria para impedir una multiplicidad de tales procedimientos o para impedir que se prive al peticionario de algún derecho**, privilegio **o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas que estén bajo la jurisdicción del Estado Libre Asociado de Puerto Rico**; Disponiéndose, que al dictar dicha orden el tribunal debe considerar el interés público envuelto, concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición y determinar que la orden es indispensable para evitar un daño irreparable a la parte peticionaria. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes.

(2) Para suspender los procedimientos en una corte de los Estados Unidos.

(3) **Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico**, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida. (Énfasis nuestro)

De modo consistente con lo expuesto, el profesor Rafael Hernández Colón reconoce en su interpretación de la normativa procesal que el mecanismo interdictal no procede ante un escenario producto de incuria:

**(11) Incuria. No se expedirá el injunction si media una tardanza inexcusable en solicitarlo. Se tomará en cuenta el momento en que el demandante advino en conocimiento de los daños y de la causa de los mismos y el momento en que presenta la demanda para determinar la razonabilidad**. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, Sec. 5706, *supra*, pág. 593. (Énfasis nuestro).

**B. Desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil**

Nuestro ordenamiento procesal permite que un demandado al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.,

solicite desestimación "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmob. Baleares et al. v. Benabe et al.*, 2024 TSPR 112, 214 DPR ___ (2024) (citando a *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020)). Particularmente, el inciso (5) de la precitada disposición reglamentaria contempla el mecanismo de la desestimación en aquellos escenarios en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).

Cuando la parte demandada invoca este inciso, el tribunal está obligado a tomar como ciertos todos los hechos bien alegados en la demandada y considerarlos de la forma más favorable a la parte demandante. *López García v. López García*, 200 DPR 50, 69 (2018); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). A esos efectos, debe considerar ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015). Es decir, le corresponde examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Para ello "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres et al.*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 570 (2001).

Efectuado ese análisis, no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012). Ello implica que no corresponde la desestimación si la

demanda es susceptible de ser enmendada. *Accurate Sols. v. Heritage Enviroment, supra, pág. 433; Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008). *Pressure Vessels P.R. v. Empire Gas P.R.*, supra, pág., 505.

**III.**

Amparada en su derecho a la revisión judicial, la señora Reyes Santos nos invita a revocar la adjudicación que denegó desestimar la acción legal sobre derecho a la intimidad e interdicto permanente instada en su contra. En esencia, argumenta que cuatro (4) años después de suscitada la controversia el señor Coyne peticiona su destrucción mediante un recurso extraordinario. Contiende que ante la presentación tardía y temeraria de la demanda, procede aplicar la doctrina de incuria. Advierte que el apelado procura mediante esta reclamación incidir en otros procesos judiciales y continuar el patrón de violencia doméstica.

Por su parte, el señor Coyne señala que procede la continuidad de su reclamo al amparo del derecho a intimidad pues la señora Reyes Santos capturó una grabación de su persona sin su consentimiento dentro de su hogar. Arguye que presentó su demanda para evitar que la grabación sea utilizada ilegalmente como instrumento de extorsión, intimidación o manipulación emocional. Asevera que no pretender silenciar a la demandada, sino que solo procura que la grabación obtenida ilegalmente se le entregue o destruya, pues constituye una amenaza real a su intimidad y a su relación con su hijo. En vista de ello, solicita que se permita la continuación del caso en sus méritos en el trámite ordinario.

Luego de revisar sosegadamente el expediente judicial, determinamos que nos corresponde ejercer nuestra facultad revisora con el propósito de conceder una solución justa en derecho. En consideración a los señalamientos de error (1) y (3), adelantamos que el foro primario incidió al no desestimar la totalidad de la demanda. Las alegaciones de esta reclamación exhiben componentes de incuria y no aducen una reclamación que motive la concesión de remedio legal.

En aras de brindar una solución justa cimentada en fundamentos jurídicos, nos corresponde revocar en parte y decretar la desestimación de las causas de acción sobre violación al derecho a la intimidad e interdicto permanente. A continuación, discutimos el proceder que acoge este Tribunal de Apelaciones.

En primer lugar, precisamos que actuó correctamente el foro primario al desestimar la *Demanda Enmendada* instada por daños y perjuicios e interdicto preliminar, pues esta causa de acción se encuentra prescrita. Véase el Artículo 1204 (a) del Código Civil (2020), Ley Núm. 55-2020, 31 LPRA, sec. 9496, según enmendado.[14] Ahora bien, surge del expediente judicial que, el señor Coyne pretende continuar la litigación como una acción sobre violación al derecho a la intimidad e interdicto permanente tras la desestimación parcial. Sin embargo, las alegaciones levantadas en la demanda nos dirigen a aplicar la doctrina de incuria y ordenar la desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil, *supra*.

En lo pertinente al recurso, enfatizamos que el apelado advino en conocimiento de la grabación el 21 de diciembre de 2021, según evidenció correctamente la demandada.[15] A la luz de lo anterior, destacamos que este instó su reclamación cuatro (4) años luego de conocer sobre este particular. Ante ese prolongado tiempo, resulta evidente que no presentó diligentemente su reclamación. Tampoco expuso justificación alguna para su demora, pese a que alega que sufrirá un daño irreparable por la supuesta divulgación de la grabación. De hecho, en la nota al calce (1) de la *Demanda Enmendada* provee infructuosamente una justificación a su demora mediante la siguiente alegación: "[a]parentemente la demandada le había enviado una copia de dicha grabación al demandante en el mes

---

[14] La precitada disposición de naturaleza civil establece el término de un (1) para instar una reclamación fundamentada en daños y perjuicios:

> Prescriben, salvo disposición diversa de la ley: (a) por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó.

[15] Apéndice de la parte Apelante, págs. 31-33.

de diciembre de 2021, mediante un correo electrónico que este nunca vio o no recordaba haber visto".[16] La expresión anterior denota que en efecto tenía o debió tener conocimiento del correo electrónico objeto del litigio. Sin embargo, optó por actuar con dejadez en el reclamo de su alegado derecho y permitió que tiempo significativo transcurriera.

En vista de tales circunstancias, nos encontramos imposibilitados de decretar la continuación del pleito del señor Coyne, quien se cruzó de brazos e inoportunamente presentó su acción legal para obtener un remedio interdictal, que por su tardanza inexcusable no amerita su litigación ni eventual concesión. Véanse *P.I.P. v. E.L.A. et al.*, *supra*, pág. 13 y *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, Sec. 5706, *supra*, pág. 593. A su vez, recordemos que el apelado no puede invocar este remedio extraordinario para impedir procedimientos judiciales o evitar que la apelante se ampare en alguna ley adoptada por la Asamblea Legislativa. Véase Artículo 678 del Código de Enjuiciamiento Civil, *supra*.[17] En efecto, consideradas tales circunstancias, aplicamos la doctrina de incuria como un impedimento reconocido en corte de equidad.

En atención a este contexto, por último, nos corresponde aplicar el examen de desestimación la luz de la Regla 10.2(5) de Procedimiento Civil, *supra*. En virtud de esta disposición reglamentaria, efectuamos un análisis cuidadoso de la *Demanda Enmendada*. Consideramos como ciertas sus veinticinco (25) alegaciones y de modo favorable al demandante. No obstante, el resultado de nuestro examen nos devela que la *Demanda Enmendada* no expone una reclamación que amerite la concesión de remedio interdictal permanente como solicita el apelado. La totalidad de las alegaciones reafirman una evidente manifestación de incuria por parte del

---

[16] Apéndice de la parte apelante, pág. 44.

[17] Conviene indicar que en la alegación (6) de la *Demandada Enmendada*, el apelado reconoce que aún enfrenta procedimientos legales con la señora Reyes Santo:

> No obstante, con el nacimiento del niño, el demandante Coyne y la demandada Reyes Santos se enfrascaron en una batalla legal sobre asuntos referentes al pago de alimentos y las relaciones paternofiliales. **La solución final de estos conflictos legales no se ha logrado aún, algunos asuntos todavía se litigan activamente por las partes en los tribunales de Puerto Rico**. Véase *Apéndice de la parte apelante*, pág. 43. (Énfasis nuestro).

señor Coyne, quien, a su vez, descansa en generalizaciones y especulaciones de un daño irreparable para prosperar en su contención.[18] Ante el escenario de evidente incuria, procede la desestimación para evitar que la señora Reyes Santo se someta a un procedimiento legal instado temerariamente que no exhibe una reclamación que amerite la concesión de un remedio.

En vista de lo anterior, resolvemos que el foro primario cometió los señalamientos de error (1) y (3) al no decretar la desestimación de la totalidad de la demanda. Por tanto, **revocamos** la denegatoria de la desestimación solicitada a esos efectos. No obstante, **confirmamos** la desestimación de la causa de acción de daños y perjuicios por encontrarse prescrita. Atendido el recurso a la luz de nuestro ordenamiento procesal, resulta innecesario discutir el resto de los señalamientos de error.

**IV.**

Por los fundamentos que anteceden, **desestimamos** la totalidad de la demanda instada contra la parte apelante.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] Por cierto, es menester destacar que el apelado en *su Oposición a la Reconsideración Parcial de Sentencia* reconoce que la señora Reyes Santo no tiene interés en publicar la grabación:

> Asimismo, la parte demandada, Alba Gisselle Reyes Santos, ha manifestado que no pretende difundir la grabación en cuestión y que su única intención es conservarla para fines judiciales. Siendo este el caso, lo que procede es su destrucción y el archivo de la controversia sobre su difusión. No existe fundamento alguno para mantener abierta una reclamación en la que no hay intención manifiesta de uso o divulgación. (Énfasis nuestro). Véase *Apéndice de la parte apelante*, pág. 95.